OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was charged with, among other things, assault in the second degree and criminal mischief in the fourth degree after he struck a taxicab driver in the face with a bicycle chain and smashed the windshield with a bicycle. During jury selection, defense counsel informed the trial court of his intent to adduce testimony that the arresting officer, upon arriving at the scene, saw defendant and complainant struggling, and handcuffed both men. Although counsel acknowledged that the officer released the complainant after speaking to two bystanders, he moved to preclude any reference to these individuals at trial. Counsel argued that the bystanders were unavailable for cross-examination, and that reference to any out-of-court statements made by them would inferentially bolster the complainant’s testimony that defendant had started the fight. The People opposed counsel’s application, maintaining that evidence of the conversation was necessary to explain why the of
 
 *751
 
 ficer initially handcuffed both men and then released the complainant and arrested defendant.
 

 After several unsuccessful attempts to accommodate defendant, the trial court ruled that it would admit the testimony as background evidence and deliver a limiting instruction. The court noted that by insisting on eliciting testimony about the handcuffing, “the defense has created its own little problem for itself that the People are entitled to respond to.” Accordingly, the court permitted the officer to testify that he initially handcuffed both men, and then uncuffed the complainant and arrested defendant after speaking to two bystanders at the scene. The court did not admit the substance of the conversation, and promptly issued limiting instructions, admonishing the jury not to consider the officer’s testimony for any purpose other than to explain why the officer acted as he did. The court further directed the jury not to consider the testimony on the issue of defendant’s guilt or innocence. The court reiterated these instructions during its final charge. Defendant voiced no objection to the instructions, and was ultimately convicted of assault in the second degree and criminal mischief in the fourth degree. The Appellate Division affirmed defendant’s conviction, and a Judge of this Court granted defendant leave to appeal.
 

 Defendant contends that the officer’s testimony that he uncuffed the complainant and arrested defendant after speaking with two bystanders was hearsay that inferentially supported the complainant’s version of the events. While we recognize that, under certain circumstances, introduction of such testimony may be improper
 
 (see, e.g., United States v Reyes,
 
 18 F3d 65 [2d Cir]), here it was defendant himself who invited its admission. By seeking to elicit that the officer had handcuffed both men, defendant created a material gap in the narrative that the People were entitled to explain
 
 (see, People v Brown,
 
 160 AD2d 440, 441-442,
 
 affd
 
 78 NY2d 874;
 
 cf., People v Green,
 
 35 NY2d 437, 441-442). Without an explanation, the jury would otherwise be left to speculate as to why the officer uncuffed complainant and arrested defendant. In view of defendant’s “selective portrayal” of the events leading up to his arrest, the trial court did not abuse its discretion in admitting the testimony for the limited purpose of explaining the officer’s actions
 
 (see, People v Brown, supra,
 
 160 AD2d, at 442). Any possible prejudice arising from this testimony was averted by the court’s comprehensive limiting instructions
 
 (see, People v Santiago,
 
 52 NY2d 865, 866;
 
 People v Casanova,
 
 160 AD2d 394, 395,
 
 lv denied
 
 76 NY2d 786).
 

 
 *752
 
 We have reviewed defendant’s remaining contentions and find them to be without merit.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed in a memorandum.