4

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES CARROL, Appellant. [733 NYS2d 412] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered December 21, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony offender, to an aggregate term of 4½ to 9 years, unanimously affirmed.

Defendant's challenge to the court's admission of expert testimony regarding street-level drug sales is unpreserved (People v Graves, 85 NY2d 1024; People v Tevaha, 84 NY2d 879, 881), and we decline to review it in the interest of justice. Were we to review this claim, we would find that this brief and limited testimony was relevant to enlighten the jury on methods used by drug dealers to secrete or dispose of buy money and to explain the possible significance of a walkie-talkie found on defendant, and that there was no statistical evidence or suggestion of large-scale drug activity (see, People v Kelsey, 194 AD2d 248).

Defendant's challenge to the court's admission of a conversation between the purchasing undercover officer and another drug buyer, as well as his claim that the court delivered an inadequate limiting instruction, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the conversation was properly admitted, not for its truth (see, Tennessee v Street, 471 US 409), but to complete the narrative of events and provide relevant explanatory background information (see, People v Rivera, 96 NY2d 749), and that the limiting instruction was sufficient to prevent any prejudice. Concur—Sullivan, P. J., Williams, Ellerin, Lerner and Saxe, JJ.