■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN VALERIO, Appellant. [806 NYS2d 189]—

Judgment, Supreme Court, New York County (Michael R. Ambrecht, J.), rendered January 8, 2003, convicting defendant, after jury trial, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of five years, unanimously affirmed.

The court, which provided suitable limiting instructions, properly received testimony concerning declarations by unidentified members of a crowd who reported to the police that defendant had a gun, and that he had robbed an unidentified elderly lady. While defendant challenges, on hearsay and uncharged crimes grounds, the portion of this testimony concerning the robbery, we conclude that it was admissible to complete the narrative and explain the actions of the police who heard the statement (see People v Tosca, 98 NY2d 660 [2002]; People v Rivera, 96 NY2d 749 [2001]; People v Till, 87 NY2d 835 [1995]). Defendant's defense was that members of the crowd had planted the pistol on his person after beating him, and a significant component of this defense was that the police had inadequately investigated the case. The declarations at issue were not received for their truth, did not depend on being true in order to be relevant, and were relevant to rebut the defense. Although defendant proposed that the court receive only the portion of the statement relating to the gun, that portion was consistent with defendant's defense, and the proposed limitation would have deprived the jury of a full explanation of the actions of the police. Furthermore, the physical evidence recovered from defendant tending to connect him with a possible robbery was also admissible to explain the police investigation at the scene and rebut the defense. In any event, were we to find that the declarations or physical evidence should not have been admitted, we would find any error to be harmless in light of the overwhelming evidence of defendant's guilt.

The record does not establish that defendant's sentence was based on any improper criteria and we perceive no basis for reducing the sentence.

Defendant's remaining contentions, including his Confrontation Clause argument, are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Andrias, Saxe, Nardelli and Malone, JJ.