■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HOOPER, Appellant. [852 NYS2d 78]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered May 17, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to a term of seven years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the jury's determinations concerning identification and credibility (see People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant was identified by the undercover officer who made the drug purchase, as well as by a ghost officer who saw the transaction and followed defendant, at a distance, for about five minutes until his apprehension. Even though the police did not recover any drugs or prerecorded buy money, and defendant was not observed to be acting in concert with anyone, it is a reasonable inference that defendant divested himself of the prerecorded buy money in a manner that escaped the ghost officer's notice.

The court properly exercised its discretion in permitting the arresting officer to testify that in his experience, which encompassed hundreds of buy and bust operations, there were "many times" when prerecorded buy money was not recovered. This simple, innocuous statement contained no statistical information, had nothing to do with drug trafficking in general or multimember drug operations, and could not have caused any prejudice (see People v Tevaha, 204 AD2d 92 [1994], affd 84 NY2d 879 [1994]; compare People v Smith, 2 NY3d 8 [2004]). Moreover, this testimony closely resembled testimony that the Smith court cited, with apparent approval, in its recitation of the overwhelming evidence that rendered harmless the inadmissible expert testimony about multimember drug sales (id. at 13 [arresting officer testified "that the failure to locate prerecorded buy money following a transaction is 'not uncommon . . . . It's often hidden or gotten rid of real fast . . . .' "]).

Defendant did not preserve his additional arguments that the court should have provided a limiting instruction, and that the purported "expert" testimony should not have come from a fact witness, and we decline to review them in the interest of justice. As an alternative holding, we also find them without merit. Concur—Tom, J.P., Nardelli, Williams and McGuire, JJ.