■ The People of the State of New York, Respondent, v Kenneth Butler, Appellant. [873 NYS2d 617]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered August 8, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of seven years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. The undercover officer made a reliable identification of defendant, who matched a specific clothing description, and the evidence warrants the inference that defendant had an opportunity to divest himself of the prerecorded buy money between the transaction and his arrest.

The court properly exercised its discretion in admitting the undercover officer's testimony that he approached defendant to inquire about buying drugs after hearing other persons nearby engage in an unspecified "narcotic-related conversation." This evidence was not offered for its truth, but for the legitimate nonhearsay purpose of completing the narrative and explaining why the police approached defendant (*see People v Tosca*, 98 NY2d 660 [2002]; *People v Rivera*, 96 NY2d 749 [2001]). The fact that the conversation did not include or refer to defendant did not render it irrelevant for these purposes; on the other hand, the same fact minimized any potential for prejudice.

The court properly exercised its discretion in permitting the arresting officer to testify that in his experience, which encompassed hundreds of buy and bust operations, the inability of the police to recover prerecorded buy money from the person arrested in such an operation was "not uncommon." This simple, innocuous statement was essentially a statement of the officer's personal experiences, and it could not have caused any prejudice (*see People v Hooper*, 48 AD3d 292 [2008], *lv denied* 10 NY3d 864 [2008]). Given the limited nature of this testimony,

which did not even directly express an opinion, the court was not obligated to make a formal inquiry into, and ruling upon, the officer's qualifications as an "expert"; in any event, the officer's qualifications were evident from his testimony regarding his experience.

Defendant's arguments concerning the absence of limiting instructions concerning the alleged hearsay and opinion testimony described above, and concerning a portion of the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Tom, J.P., Andrias, Nardelli, Buckley and DeGrasse, JJ.