Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered September 16, 2009, convicting defendant, after a jury trial, of murder in the second degree, and sentencing him to a term of 20 years to life, unanimously affirmed.
Evidence concerning the course of the police investigation of this homicide did not violate defendant’s right of confrontation. Initially, we note that the prosecutor did not actually introduce any testimonial statements by nontestifying declarants. Instead, defendant complains that the jury could have misused certain police testimony as evidence that nontestifying persons incriminated him.
A detective’s brief, limited testimony that defendant was already a suspect at the time the People’s main witness was interviewed did not violate the Confrontation Clause. This evidence was not offered for its truth (see Tennessee v Street, 471 US 409 [1985]), but for the legitimate nonhearsay purposes of completing the narrative, explaining police actions, providing the context of the interview, correcting a misimpression created by defendant on cross-examination and preventing jury speculation (see People v Tosca, 98 NY2d 660 [2002]; People v Rivera, 96 NY2d 749 [2001]; see also United States v Reyes, 18 F3d 65, 70-71 [1994]). The probative value of this evidence for its nonhearsay purposes outweighed any prejudicial effect.
*477 Defendant also claims that police testimony about obtaining information from other persons in the course of the investigation similarly violated his right of confrontation. However, due to its lack of specificity, this evidence presented little or no danger that the jury would draw an inference that these persons provided incriminating information. In any event, like the evidence of the point at which defendant became a suspect, this additional evidence was admissible for legitimate nonhearsay purposes, and its admission did not violate the Confrontation Clause.
Defendant did not preserve his claim that the court should have instructed the jury regarding the limited use of the evidence that was not received for its truth, and we decline to review it in the interest of justice. As an alternative holding, we find that the absence of an instruction was harmless under all the circumstances of the case, including the limited prejudicial effect of the challenged evidence. Defendant’s claim that trial counsel rendered ineffective assistance by not requesting such and instruction is improperly raised for the first time in a reply brief (see e.g. People v Napolitano, 282 AD2d 49, 53 [2001], lv denied 96 NY2d 866 [2001]). In any event, regardless of whether counsel should have requested the instruction, defendant has not established that the absence of the instruction resulted in prejudice under the state or federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; see also Strickland v Washington, 466 US 668 [1984]).
Defendant’s mistrial motion was insufficient to preserve his claim that the prosecutor unfairly insinuated that defendant intimidated witnesses or potential witnesses, and we decline to review it in the interest of justice. As an alternative holding, we find that the comments and evidence challenged by defendant did not deprive him of a fair trial. The evidence challenged by defendant was relevant to issues raised at trial. Furthermore, defendant’s recorded conversations permitted a reasonable inference that he was involved in witness intimidation.
Defendant’s pro se claim about prosecutorial vouching in summation is without merit. Defendant did not preserve any of his other pro se claims, or any of the other challenges to the prosecutor’s summation raised in defendant’s main brief, or his challenge to police testimony that allegedly expressed an opinion on the main witness’s reliability, and we decline to review these claims in the interest of justice. As an alternative holding, we reject them on the merits.
Concur—Mazzarelli, J.P., Acosta, Renwick, Richter and Gische, JJ.