■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES SANTANA, Appellant. [978 NYS2d 225]—

Defendant did not preserve his present challenges to a detective's testimony concerning statements made by a nontestifying declarant, and we decline to review them in the interest of justice. First, defendant acquiesced when it became clear that, despite detailed warnings by the court and prosecutor, the jointly tried codefendant was opening the door to this testimony. To the extent that defendant ultimately objected to the prosecutor's redirect examination concerning the declarant, defendant again acquiesced when the court and prosecutor fashioned a remedy that limited this testimony. Defendant never gave the court any clear indication that this relief was inadequate. In any event, any specific objection actually made by defendant was grounded in state evidentiary law, and thus failed to preserve a Confrontation Clause claim (*see People v Kello*, 96 NY2d 740, 743-744 [2001]; *People v Maher*, 89 NY2d 456, 462-463 [1997]). We also note that while defendant emphasizes that any door-opening was done not by him but by the codefendant, defendant never moved, before or during trial, for a severance on the ground that he might be prejudiced by his codefendant's strategy.

As an alternative holding, we reject, on the merits, defendant's Confrontation Clause and hearsay arguments concerning the challenged testimony. The detective's testimony was admissible for the legitimate nonhearsay purposes of explaining the police investigation in the context of issues raised at trial (*see Tennessee v Street*, 471 US 409 [1985]; *People v Tosca*, 98 NY2d 660 [2002]; *People v Rivera*, 96 NY2d 749 [2001]), and for the related reason that the codefendant unequivocally opened the door to such testimony (*see People v Reid*, 19 NY3d 382 [2012]). In any event, any error in receiving the challenged testimony was harmless in light of the overwhelming evidence of defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]).

Defendant's challenges to the prosecutor's summation and to the court's limitations on cross-examination, including his constitutional claims, are likewise unpreserved, and defendant's arguments on the subject of preservation are without merit. We decline to review these challenges in the interest of justice. As an alternative holding, we reject them on the merits. We likewise find that any errors regarding these matters were harmless. Concur—Tom, J.P., Saxe, Moskowitz, Gische and Clark, JJ.