*554 Defendant’s legal sufficiency claim is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s determinations concerning credibility and identification. The principal witness, who had seen defendant on prior occasions, made a strong identification, and her unwillingness to identify defendant’s photograph while subsequently selecting him from a lineup was fully explained. In addition, defendant’s absence for almost two years after the crime evinced his consciousness of guilt (see People v Allen, 61 AD2d 619, 622 [1st Dept 1978], affd 48 NY2d 760 [1979]).
The court properly permitted the People to introduce evidence that the victim’s nontestifying sister told a detective that the victim had been having an unspecified “problem” with defendant, who was the victim’s long-term acquaintance. This testimony was presented not for the truth of the matter asserted, but to explain why the police focused on defendant and spent years attempting to locate him (see People v Tosca, 98 NY2d 660, 661 [2002]; People v Rivera, 96 NY2d 749 [2001]; People v Barnes, 57 AD3d 289, 290 [2008], lv denied 12 NY3d 781 [2009]; see also People v Morris, 21 NY3d 588 [2013]). While defendant objected to this evidence as hearsay, that objection did not preserve his present Confrontation Clause claim (see People v Kello, 96 NY2d 740, 743-744 [2001]; People v Maher, 89 NY2d 456, 462-463 [1997]; compare People v Hardy, 4 NY3d 192, 197 n 3 [2005]), and we decline to review this claim in the interest of justice. As an alternative holding, we find no Confrontation Clause violation, because the evidence was admissible for a legitimate purpose other than its truth (see Tennessee v Street, 471 US 409 [1985]; United States v Reyes, 18 F3d 65, 70-71 [1994]). However, the court should have given a limiting instruction. Nevertheless, any error in receiving the evidence or in failing to deliver a limiting instruction was harmless, because neither the evidence nor the absence of an instruction could have affected the verdict. In particular, we note that rather than misusing the out-of-court statement in summation, the prosecutor essentially gave the jury the same limiting instruction that the court should have given.
*555 Since the crime was committed before the effective date of the legislation increasing the mandatory surcharge and crime victim assistance fee, defendant’s sentence is unlawful to the extent indicated. We otherwise perceive no basis for reducing the sentence. Concur — Acosta, J.P., Saxe, Moskowitz and Feinman, JJ.