■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE BEATO, Appellant. [3 NYS3d 6]—

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered January 24, 2011, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree, and sentencing him to an aggregate term of one year, affirmed.

The Confrontation Clauses of the United States and New York Constitutions (US Const 6th, 14th Amends; NY Const, art I, § 6) prohibit testimonial evidence of statements made by an out of court declarant, unless the witness is unavailable to testify at trial and the defendant had a prior opportunity for cross-examination (*Crawford v Washington*, 541 US 36, 59 n 9 [2004]). Where, however, the testimonial statements are being used for purposes other than establishing the truth of the matter asserted, they may be admitted. This includes hearsay statements that are admitted for the purpose of completing a narrative and explaining police actions to prevent jury speculation (*Tennessee v Street*, 471 US 409, 415 [1985]; *People v DeJesus*, 105 AD3d 476, 476 [1st Dept 2013], *lv granted* 22 NY3d 1198 [2014]).

In this observation sale case, an officer testified that two of the persons who made apparent drug purchases from defendant and his alleged accomplices told the officer that they had, in fact, purchased drugs but had swallowed and thereby disposed of them. These claimed purchasers were never identified by name. Although the court instructed the jury that the statements of the otherwise unidentified buyers were not being received in evidence for their truth, but only to explain police actions, the facts of the case did not warrant any such explanation (*compare e.g. People v Rivera*, 96 NY2d 749, 751 [2001]). We reject the People's argument that this evidence tended to explain why the police arrested defendant and his codefendants at a particular point in time. The jury was well aware that the police made the arrests after observing a series of apparent drug sales. The timing of the arrests was not at issue, and there was nothing mysterious about the unfolding events that could have led to speculation by the jury. Thus, the nonhearsay purpose of the evidence was barely relevant, and any probative value was plainly outweighed by the danger that, regardless of the court's limiting instruction, the jury would treat the nontestifying buyers' statements as proof that drug selling had, in fact, occurred (*see United States v Reyes*, 18 F3d 65, 70-71 [2d Cir 1994]).

We likewise reject the People's argument that the statements were not testimonial for Confrontation Clause purposes. The circumstances objectively indicated that the primary purpose of the police interrogation of the two alleged buyers was "to establish or prove past events potentially relevant to later criminal prosecution" (*Davis v Washington*, 547 US 813, 822 [2006]), and there was nothing that even remotely resembled an "ongoing emergency" that would qualify the buyers' statements as nontestimonial (*id.*).

Nevertheless, we find that the error was harmless beyond a reasonable doubt. Confrontation Clause violations are subject to a constitutional harmless error analysis (*People v Hardy*, 4 NY3d 192, 198 [2005]), and a review of the entire record demonstrates that the that there is no reasonable possibility that the error might have contributed to the conviction (*People v Crimmins*, 36 NY2d 230, 237 [1975]).

Even without the hearsay statements, there was overwhelming evidence that defendant acted in concert with his codefendants to commit the crimes for which he was convicted. The information leading to defendant's arrest was obtained by an investigatory team of seven police officers that surveilled defendant's and codefendants' activities over the course of several

hours. Officers observed defendant crouched down as he placed something inside a fence. A Ziploc bag containing drugs was later recovered from the approximate location by the fence where defendant had been seen. The evidence also showed defendant speaking with codefendants, Guny Nunez and Edgar Blanco, for approximately 20 minutes as the three men huddled around a backpack, later found to contain 2.479 grams of crack. Defendant was observed speaking with individuals who approached him and then directing them by nodding and pointing towards Blanco. Blanco was then observed retrieving an item from the spot in the fence where defendant had previously concealed something, handing it to the suspected buyers and receiving something in exchange. Based on their observations, the officers stopped suspected purchasers. One person was found to have a Ziploc containing crack on the roof of his mouth. Another man was found with drug paraphernalia, still warm from recent use. The last suspected buyer was stopped after the police observed him hand Blanco something in exchange for something Blanco removed from the fence. The suspected buyer was found carrying six Ziploc bags containing crack cocaine. As the events were ongoing, defendant approached Blanco several times and was observed alerting the codefendants as officers converged on the scene. In addition, while we do not believe the court should have admitted the out of court declarations made by two other alleged buyers into evidence at all, the court instructed the jury that their statements could not be considered for their truth. Under these circumstances, there is no reasonable possibility that the improperly admitted hearsay statements contributed to the conviction.

We also find that the verdict was based on legally sufficient evidence and was not against the weight of the evidence. We have examined defendant's other arguments and find them unavailing. Concur—Sweeny, Andrias, Moskowitz and Gische, JJ.

Tom, J.P., concurs in a separate memorandum as follows: It is beyond dispute that the evidence against defendant was sufficient to support his conviction and that the verdict was not against the weight of the evidence. The only question is whether defendant's rights under the Confrontation Clause were infringed by the introduction of hearsay testimony. Because the hearsay testimony was received to avoid misleading the jury and to complete the narrative in order to deter jury speculation, it does not implicate the right of confrontation. In any event, the evidence was merely cumulative, and any error in its admission was harmless.

Testimony was received from eight police officers and their sergeant, all of whom were members of the 30th Precinct Conditions Team assigned to monitor activity in the vicinity of 147th Street between Amsterdam Avenue and Broadway in Manhattan. On the date of his arrest, defendant was observed, at approximately 4:40 A.M., exiting a building and walking to a nearby chainlink fence, where he lifted up some mesh material, bent down, and placed something inside the fence. Defendant was then observed on the corner of 147th Street and Amsterdam Avenue in the company of codefendant Edgar Blanco when a third man, codefendant Guny Nunez, drove up. The three were seen standing over a backpack placed on the pavement.

After the three men separated, members of the team saw defendant direct five or more persons toward the location of the chainlink fence, where Blanco reached into the fence and retrieved something very small and gave one to each person, who in turn gave something to Blanco. Over a six-hour period, officers stopped a number of apparent buyers but found no drugs in their possession. Sergeant Nicholson testified that when he learned from two such persons that they had purchased drugs and swallowed them before police could intervene, he directed the team to move in right away on the next buy, before the individuals got a chance to discard the narcotics. When the next buyer, Jose Gomez, was observed making a purchase, the team surrounded the three suspects and Gomez, placing them under arrest. Gomez was found to be in possession of five small Ziploc bags containing what was later identified as crack cocaine. Also arrested was Ronald White, who was found to be carrying a crack pipe and a metal push rod (used to insert the crack into the pipe). The arresting officer believed the pipe had just been smoked; however, no drugs were recovered from White's person.

The team recovered $80 from Blanco, as well as $551 from Nunez and the backpack in which a bag containing just under 2.5 grams of unprocessed crack cocaine was found. After everyone was placed under arrest, Nicholson and Valerio searched the fence in the vicinity of where defendant initially placed something and recovered a Ziploc bag containing crack.

The sergeant's testimony was followed by that of Officer Valerio, who assisted the sergeant in intercepting suspected buyers. The officer explained that no drugs were recovered from several individuals who were stopped. The officer stated that when he directed one of the individuals to open his mouth, a Ziploc bag could be seen "on the roof of his mouth." The individual then immediately closed his mouth and swallowed it.

Defendant contends that his right to confront witnesses was abridged when the police sergeant was permitted to testify that two persons suspected of buying drugs told him that "they had purchased narcotics" and "they had swallowed the drugs." The People assert that the sergeant's testimony merely completed the narrative by explaining why, when team members stopped and searched persons observed to be interacting with defendant and engaging in transactions with Blanco, no drugs were found, and why the police then decided to converge on the suspected sellers immediately after they engaged in the transaction with Gomez.

It is settled that even evidence that is testimonial in nature may be used "for purposes other than establishing the truth of the matter asserted" (*Crawford v Washington*, 541 US 36, 59-60 n 9 [2004]), such as completing the narrative, explaining police actions, and preventing jury speculation (*see Tennessee v Street*, 471 US 409 [1985] [accomplice's confession properly received in rebuttal]; *People v DeJesus*, 105 AD3d 476 [1st Dept 2013], *lv granted* 22 NY3d 1198 [2014] [evidence concerning course of police investigation]). Here, the sergeant's testimony regarding what he learned from suspected purchasers served to explain why the police decided to immediately effect the arrest of the sellers when Gomez made his purchase, and not earlier when prior suspects were stopped, thus deterring speculation that the surveillance team was merely harassing innocent passersby and bystanders. In any event, the identical explanation for the lack of drugs found on persons apparently engaging in drug transactions was adduced from Officer Valerio. His account of observing a Ziploc bag being swallowed by a suspected purchaser is subject to only one interpretation—that the suspect was disposing of recently acquired narcotics. Thus, the hearsay testimony received from the sergeant—that two persons he intercepted said that "they had purchased narcotics" and "they had swallowed the drugs"—which the majority finds so prejudicial, did no more than give expression to the obvious conclusion to be deduced from Officer Valerio's first-hand account—that the purchasers were disposing of the Ziploc bags in some expedient manner before police could intercept them, thereby prompting the surveillance team to immediately apprehend the sellers in the course of the next transaction.

The sergeant's testimony is not rendered prejudicial merely because it does not support defendant's theory that there were no drug sales taking place. The worst that may be said is that given Officer Valerio's testimony, the sergeant's testimony was cumulative; thus, any error in its admission was harmless (*see*

*People v Rawlins*, 37 AD3d 183, 184-185 [1st Dept 2007], *affd* 10 NY3d 136 [2008], *cert denied* 557 US 934 [2009]). The sergeant's testimony was "coupled with proper limiting instructions" (*People v Resek*, 3 NY3d 385, 389 [2004]) and served to complete the narrative. It was relevant to both the offense (*cf. People v Green*, 35 NY2d 437 [1974] [evidence of previous unrelated drug complaint irrelevant and prejudicial]) and a contested issue in the case (*see People v Alvino*, 71 NY2d 233, 241 [1987] [previous drug crimes admissible to establish intent]), and was not prejudicial (*cf. People v Cook*, 42 NY2d 204, 208 [1977] [error to allow testimony regarding uncharged rape irrelevant to burglary charge but error was harmless]).

Accordingly, the judgment should be affirmed.