*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016           106854
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ANDRE WALKER,
                        Appellant.
_____

Calendar Date:  December 15, 2015

Before:  McCarthy, J.P., Egan Jr., Lynch and Clark, JJ.

_____

        Frank A. Sarat, Homer, for appellant.

        Eric T. Schneiderman, Attorney General, New York City
(Hannah Stith Long of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Cortland
County (Ames, J.), rendered October 1, 2013, convicting defendant
upon his plea of guilty of the crimes of conspiracy in the fourth
degree and criminal possession of a controlled substance in the
third degree.

        Following an investigation by the Attorney General's
Statewide Organized Crime Task Force, defendant and George Macon
were charged in a superceding indictment with conspiracy in the
fourth degree and other drug-related felonies stemming from the
distribution of cocaine in 2012.  Following extensive
negotiations, defendant accepted a plea agreement pursuant to
which he waived his right to appeal and pleaded guilty to
conspiracy in the fourth degree and criminal possession of a

controlled substance in the third degree under counts 1 and 3 of the indictment, respectively, in satisfaction of all charges. He was sentenced, consistent with the plea agreement, to time served on each of the convictions, approximately one year in jail, to be served concurrently. Defendant appeals.

We affirm. Defendant challenges the voluntariness of his guilty plea, a claim that survives his uncontested waiver of the right to appeal but which is not preserved for this Court's review given his failure to make an appropriate postallocution motion (see CPL 220.60 [3]; People v Hudson, 130 AD3d 1320, 1320 [2015]; People v Guyette, 121 AD3d 1430, 1431 [2014]). Moreover, the narrow exception to the preservation rule is inapplicable here, as defendant did not make any statements during his ultimate plea allocution that were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Hare, 110 AD3d 1117, 1117 [2013]). Although County Court's initial attempts to complete a plea allocution were halted due to defendant's reluctance to implicate Macon or to admit certain overt acts alleged in furtherance of the conspiracy, after two adjournments, defense counsel assured the court that defendant "understands his rights." Defendant thereafter allocuted, without qualification, to the conspiracy charge, including sufficient overt acts, and also admitted to the possession charge and, during both allocutions, made no statements suggestive of innocence or involuntariness. Further, prior to eliciting and accepting his guilty plea, the court adequately informed defendant of the trial-related rights that he was forfeiting as a consequence of the guilty plea, including "the privilege against self-incrimination and the rights to a jury trial and to be confronted by witnesses" (People v Tyrell, 22 NY3d 359, 361 [2013], citing Boykin v Alabama, 395 US 238, 243 [1969]). As such, there is an "affirmative showing on the record that the defendant waived his constitutional rights" (People v Tyrell, 22 NY3d at 365 [internal quotation marks and citation omitted]).

With regard to defendant's specific claim that his plea was involuntary in that his factual admissions (although not his actual guilty plea) preceded County Court's advisement of the rights he would be forfeiting in connection with his guilty plea,

we reiterate that it is the better practice to advise a pleading defendant of such rights "prior to obtaining an admission to the charges and a plea of guilty" (People v Mandiville, 84 AD3d 1644, 1645 n [2011]).  We note that the Court of Appeals has held that, with regard to a trial court's failure to properly inform a defendant of the trial-related rights forfeited by a guilty plea, preservation is required "depending upon the particular circumstances of a case" (People v Conceicao, 26 NY3d 375, ___, 2015 NY Slip Op 08615, *3 [2015]).  Here, defendant failed to preserve this issue by making a postallocution motion to withdraw his plea, despite the opportunity to do so in the months following his guilty plea and before sentencing (see id.).  Given that defendant was advised of his trial-related rights during two arraignments and only entered a guilty plea after he was fully advised of the rights that he was forgoing by his plea, we decline to take corrective action in the interest of justice (see CPL 470.15 [6]).  Defendant's remaining claims have been reviewed and determined to lack merit.

McCarthy, J.P., Egan Jr. and Clark, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court