## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  June 16, 2016                    106967
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                      Respondent,
        v                                    MEMORANDUM AND ORDER

SHAKEE PERKINS,
                      Appellant.
_____


Calendar Date:  April 26, 2016

Before:  Peters, P.J., Lahtinen, Egan Jr., Devine and Mulvey, JJ.

_____

        Carolyn B. George, Albany, for appellant.

        P. David Soares, District Attorney, Albany (Michael C.
Wetmore of counsel), for respondent.

_____


Egan Jr., J.

        Appeal from a judgment of the County Court of Albany County
(Lynch, J.), rendered January 24, 2014, convicting defendant upon
his plea of guilty of the crime of burglary in the second degree.

        In May 2013, defendant was indicted and charged with
burglary in the second degree and criminal mischief in the second
degree.  The charges stemmed from a November 2012 incident
wherein defendant allegedly entered a residence in the City of
Albany and caused extensive damage thereto.  Thereafter, in June
2013, defendant was charged in a six-count indictment with
various drug-related offenses — the most serious of which was
criminal sale of a controlled substance in the third degree.  In
September 2013, defendant pleaded guilty to a single count of
burglary in the second degree — in full satisfaction of both

pending indictments – and waived his right to appeal in exchange for the agreed-upon sentence of nine years in prison followed by five years of postrelease supervision. At defendant's request, sentencing was adjourned until after the holidays and was set down for December 30, 2013. It appears that sentencing was further adjourned until January 21, 2014, at which time defendant failed to appear, and County Court issued a bench warrant for his arrest. Defendant was apprehended and appeared in court three days later for sentencing. Despite defendant's failure to appear for sentencing on the appointed date, the People did not seek an enhanced sentence and, based upon the People's recommendation, County Court agreed to adhere to the terms of the plea agreement. Accordingly, County Court sentenced defendant to a prison term of nine years followed by five years of postrelease supervision. Defendant now appeals.

Defendant readily concedes that, by pleading guilty to burglary in the second degree (a class C violent felony offense) (see Penal Law § 70.02 [1] [b]), he was not eligible for participation in the shock incarceration program (see Correction Law § 865 [1]). Defendant maintains, however, that he was denied the effective assistance of counsel because his attorney allowed him to plead guilty to an offense that rendered him ineligible for participation in that program. In other words, counsel was ineffective – defendant asserts – because he did not negotiate a plea bargain that would have permitted defendant to plead guilty to one of the drug-related offenses charged in the June 2013 indictment. Assuming that this aspect of defendant's ineffective assistance of counsel claim impacts upon the voluntariness of his plea, such claim survives defendant's unchallenged waiver of the right to appeal but is unpreserved for our review in the absence of an appropriate postallocution motion (see People v Griffin, 134 AD3d 1228, 1230 [2015]; People v Smith, 123 AD3d 1375, 1376 [2014], lv denied 26 NY3d 935 [2015]). Further, the narrow exception to the preservation rule was not triggered here, "as defendant did not make any statements during the plea allocution that negated an essential element of the crime or otherwise cast doubt upon his guilt" (People v Smith, 119 AD3d 1088, 1089 [2014], lvs denied 24 NY3d 1084, 1089 [2014]; see People v White, 104 AD3d 1056, 1056 [2013], lvs denied 21 NY3d 1018, 1021 [2013]). Defendant's related ineffective assistance of counsel

claim — that "counsel caused him to miss out on a more favorable . . . earlier plea offer" — is premised upon matters outside the record and, as such, is more properly the subject of a CPL article 440 motion (see generally People v Toye, 107 AD3d 1149, 1152 [2013], lv denied 22 NY3d 1091 [2014]).

Defendant's remaining arguments do not warrant extended discussion.  The People's alleged failure to disclose a certain pretrial statement that defendant may have made to the authorities is based entirely upon speculation.  In any event, we note that "[t]he forfeiture [of rights] occasioned by a guilty plea extends to a variety of claims, including those premised upon a failure to provide CPL 710.30 notice" (People v Sirico, 135 AD3d 19, 24 [2015]).  Finally, review of defendant's claim that the agreed-upon sentence imposed is harsh and excessive is precluded by his unchallenged appeal waiver (see People v Rapp, 133 AD3d 979, 979 [2015]).  Accordingly, the judgment of conviction is affirmed.

Peters, P.J., Lahtinen, Devine and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court