## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:    August 25, 2016                 107137
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                              MEMORANDUM AND ORDER

TERRY MACON, Also Known as
    TENNESSEE,
                        Appellant.
_____

Calendar Date:   August 18, 2016

Before:   Garry, J.P., Egan Jr., Devine, Mulvey and Aarons, JJ.

_____

        Salvatore Adamo, Albany, for appellant.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Garry, J.P.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered February 4, 2014, convicting defendant
upon his plea of guilty of the crime of criminal sale of a
controlled substance in the third degree.

        In satisfaction of a four-count indictment, defendant
pleaded guilty to criminal sale of a controlled substance in the
third degree and waived his right to appeal.  He was thereafter
sentenced, in accord with the terms of the plea agreement, to
five years in prison, to be followed by two years of postrelease
supervision.  Defendant now appeals.

Initially, we note that defendant's waiver of the right to appeal was valid.  County Court explained that this right was separate from the other rights that defendant was forfeiting by pleading guilty and defendant communicated his understanding.  He then proceeded to execute a detailed written waiver in open court after reviewing it with counsel.  Thus, defendant is foreclosed by his valid waiver from challenging the severity of the sentence (see People v Miller, 137 AD3d 1485, 1485 [2016]; Matter of Rushlow, 137 AD3d 1482, 1483 [2016]).

Defendant also challenges the voluntariness of his guilty plea.  Although it is not precluded by his valid waiver of the right to appeal, this claim has not been preserved for our review, as the record does not reveal that he made an appropriate postallocution motion (see People v Blair, 136 AD3d 1105, 1106 [2016], lvs denied 27 NY3d 1066, 1072 [2016]; People v Walker, 135 AD3d 1244, 1244-1245 [2016]).  Notably, defendant did not make any statements during the plea colloquy that cast doubt upon his guilt and thus trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665 [1988]; People v Walker, 135 AD3d at 1245).  Further, defendant's claim of ineffective assistance of counsel implicates the voluntariness of his guilty plea and, although it also survives his appeal waiver, likewise has not been preserved for our review, for the reason noted above (see People v Hughes, 134 AD3d 1301, 1302 [2015], lv denied 27 NY3d 966 [2016]; People v Bethea, 133 AD3d 1033, 1034 [2015], lv denied 27 NY3d 992 [2016]).

Egan Jr., Devine, Mulvey and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court