THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIONISIO CRESPO, Appellant. [38 NYS3d 184]—

Judgment, Supreme Court, Bronx County (Ann M. Donnelly, J.), rendered November 5, 2010, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds and criminal sale of a controlled substance in the third degree, and sentencing him, as a second drug felony offender previously convicted of a violent felony, to concurrent terms of nine years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348 [2007]). There is no basis for disturbing the jury's credibility determinations. Any inconsistencies in the undercover officer's testimony were minor. Although the police failed to recover the prerecorded money, "defendant had an opportunity to divest himself of [it] between the transaction and his arrest" (*People v Butler*, 59 AD3d 358, 358 [1st Dept 2009], *lv denied* 12 NY3d 923 [2009]). The court provided a meaningful response to a note from the deliberating jury (*see People v Almodovar*, 62 NY2d 126, 131 [1984]), and it properly declined to reinstruct the jury on the standard of reasonable doubt. The note, which described the jury as "locked," may be reasonably interpreted as seeking guidance in the face of a perceived deadlock rather than an instruction on reasonable doubt. Significantly, the jurors requested no such instruction even after the court's response to the note included a reminder to continue sending notes "if you need further clarification on anything."

Defendant failed to preserve his claim that the court's response to the jury note was coercive, his claim that an undercover officer's anonymous testimony violated the Confrontation Clause, his challenge to the prosecutor's summation, and his request to vacate the third-degree criminal sale of a controlled substance count as a noninclusory concurrent count of the criminal sale of a controlled substance in or near school

grounds count pursuant to CPL 300.40 (3) (a). We decline to review these claims in the interest of justice. As an alternative holding, we find no basis for reversal.

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters not fully explained by the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Therefore, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claim may not be addressed on appeal. Alternatively, to the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.