## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  November 17, 2016                    106649
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

          v                                    MEMORANDUM AND ORDER

LA-MEIK TAYLOR, Also Known as
    COOK,
                        Appellant.
_____

Calendar Date:  October 13, 2016

Before:  Garry, J.P., Egan Jr., Rose, Devine and Mulvey, JJ.

                        _____


        Erin C. Morigerato, Albany, for appellant, and appellant
pro se.

        P. David Soares, District Attorney, Albany (Michael C.
Wetmore of counsel), for respondent.

                        _____


Garry, J.P.

        Appeal from a judgment of the Supreme Court (Breslin, J.),
rendered March 6, 2014 in Albany County, convicting defendant
upon his plea of guilty of the crime of criminal possession of a
weapon in the second degree.

        After defendant allegedly fired a handgun several times
striking a person who was fleeing from him, he was charged in a
seven-count indictment with attempted murder in the second
degree, criminal possession of a weapon in the second degree and
other crimes.  In satisfaction thereof, defendant pleaded guilty
to criminal possession of a weapon in the second degree pursuant
to a plea agreement that included a waiver of appeal.  In

exchange, the People promised to recommend a prison sentence of not more than 12 years with five years of postrelease supervision. Consistent with the agreement, Supreme Court sentenced defendant as a second felony offender to a prison term of 12 years with five years of postrelease supervision, and he now appeals.

We affirm. Defendant's combined oral and written waiver of appeal was valid. Supreme Court explained that it was separate from the other rights that he was relinquishing by pleading guilty and ascertained that defendant understood it (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Macon, 142 AD3d 739, 753 [2016]). After reviewing the waiver with counsel, defendant executed a written appeal waiver in open court; this document explained that he ordinarily retained the right to appeal and that he was relinquishing that right. The record thus establishes a knowing, voluntary and intelligent waiver (see People v Ramos, 7 NY3d 737, 738 [2006]; People v Woods, 141 AD3d 954, 955 [2016]). Defendant's appeal waiver forecloses his challenge to the sentence as harsh and excessive (see People v Lopez, 6 NY3d at 255-256). Defendant's challenge to the voluntariness of his plea survives his appeal waiver, but is unpreserved for our review in the absence of an appropriate postallocution motion (see CPL 220.60 [2]; People v Blair, 136 AD3d 1105, 1006 [2016], lvs denied 27 NY3d 1066, 1072 [2016]). Further, defendant did not make any statement during the plea allocution to trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 665 [1988]).

While defendant's claim of ineffective assistance of counsel survives his waiver of appeal as it implicates the voluntariness of his plea, it was likewise not preserved for our review (see People v Macon, 142 AD3d at 753). To the extent that the claim concerns matters that are outside the record on appeal, such as what counsel advised him or investigated, it is more properly raised in a motion to vacate pursuant to CPL article 440, where a record may be made (see People v Hughes, 134 AD3d 1301, 1302 [2015], lv denied 27 NY3d 966 [2016]). Moreover, during the plea colloquy, defendant expressed satisfaction with counsel's representation, and his challenge to counsel's preplea motion practice was forfeited by his guilty plea (see People v

Hansen, 95 NY2d 227, 230-231 [2000]; People v Taylor, 65 NY2d 1, 5 [1985]; People v Jenkins, 130 AD3d 1091, 1092 [2015]).[1] In any event, "[i]n the context of a guilty plea, a defendant has been afforded meaningful representation when he or she receives an advantageous plea and nothing in the record casts doubt upon the apparent effectiveness of counsel" and, were we to address this claim, we would find that defendant received meaningful representation (People v Case, 139 AD3d 1239, 1240 [2016] [internal quotation marks and citation omitted], lv denied 28 NY3d 928 [2016]).

Defendant claims in his pro se brief that the People committed a Brady violation by failing to disclose statements made by the victim and an eyewitness (see Brady v Maryland, 373 US 83 [1963]) and relatedly argues that this rendered his plea involuntary. These claims are not preserved for our review (see People v Whitted, 117 AD3d 1179, 1182 [2014], lv denied 23 NY3d 1026 [2014]; People v Hayes, 71 AD3d 1187, 1189 [2010], lv denied 15 NY3d 852 [2010]).[2] Similarly, his argument that he was not properly adjudicated as a second felony offender is unpreserved. Defendant admitted the 2009 predicate felony at sentencing and did not contest predicate sentencing, and defense counsel indicated on the record that he had reviewed the predicate

---

[1] Defendant argues that defense counsel was ineffective for failing to move to sever his trial from that of his accomplice, who pleaded guilty at the same time. However, we note that defendant was not jointly indicted with his accomplice (see CPL 200.40 [1]), and the record does not reflect that the People ever moved to consolidate the charges for a single trial (see CPL 200.40 [2]). As the separate indictments were never joined, counsel was not remiss in failing to move for severance.

[2] In response to defendant's general Brady request for witness statements, the People represented that all exculpatory material had been disclosed to the defense. The claim now argued was not specifically raised in defendant's omnibus motion or otherwise on the record. As such, it is not clear on the record before us whether such statements exist and whether they were disclosed to the defense.

statement with defendant and that there were no legal challenges to it (see People v Murdie, 134 AD3d 1353, 1354 [2015]; People v Johnson, 133 AD3d 1028, 1029 [2015]).  Defendant's remaining contentions have been considered and found to lack merit.

Egan Jr., Rose, Devine and Mulvey, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:


Robert D. Mayberger
Clerk of the Court