*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   February 9, 2017                    107213
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,
            v                                MEMORANDUM AND ORDER

DONALD FAIRWEATHER JR.,
                        Appellant.
_____

Calendar Date:   January 10, 2017

Before:   Garry, J.P., Rose, Devine, Clark and Mulvey, JJ.

_____

        Neal D. Futerfas, White Plains, for appellant, and
appellant pro se.

        D. Holley Carnright, District Attorney, Kingston (Joan
Gudesblatt Lamb of counsel), for respondent.

_____

Devine, J.

        Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered July 18, 2014, convicting defendant upon
his plea of guilty of the crime of vehicular manslaughter in the
first degree.

        On September 25, 2013, defendant was driving his vehicle at
a high speed while intoxicated and struck an oncoming vehicle,
causing the death of Vadim Mushtak and serious injuries to
Mushtak's wife.  Defendant was thereafter charged in a six-count
indictment with various offenses stemming from the incident.  In
full satisfaction of the indictment, defendant pleaded guilty to
vehicular manslaughter in the first degree and waived his right
to appeal.  County Court, which made no sentencing commitment as

part of the plea agreement, sentenced defendant to 5 to 15 years in prison with a recommendation that defendant serve the full 15 years. Defendant now appeals.

Defendant argues that the sentence imposed by County Court is harsh and excessive, but that challenge is precluded by his unchallenged waiver of the right to appeal (see People v Guzman-Moore, 144 AD3d 1267, 1268 [2016]; People v Perkins, 140 AD3d 1401, 1403 [2016], lv denied 28 NY3d 1126 [2016]). Defendant also alleges that he did not receive the effective assistance of counsel. His claim survives his appeal waiver to the extent that it impacts the voluntariness of his guilty plea, but is unpreserved given his apparent failure to make an appropriate postallocution motion (see People v Macon, 142 AD3d 739, 740 [2016], lvs denied 28 NY3d 1073, 1075 [2016]; People v Ramos, 135 AD3d 1234, 1235 [2016], lv denied 28 NY3d 935 [2016]). In any event, the claim concerns matters outside of the record and it is more properly the subject of a CPL article 440 motion (see People v Crespo, 143 AD3d 412, 413 [2016]; People v Perkins, 140 AD3d at 1403).

Garry, J.P., Rose, Clark and Mulvey, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court