People v White (2018 NY Slip Op 05636)





People v White


2018 NY Slip Op 05636


Decided on August 2, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: August 2, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent, 
v
DANNY WHITE, Appellant.

Calendar Date: May 29, 2018

Before: Garry, P.J., McCarthy, Clark, Rumsey and Pritzker, JJ.


Tracy E. Steeves, Kingston, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from a judgment of the Supreme Court (Breslin, J.), rendered September 23, 2016 in Albany County, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.
Defendant pleaded guilty to burglary in the second degree in full satisfaction of a four-count indictment and waived the right to appeal. Supreme Court thereafter imposed the agreed-upon sentence of eight years in prison, followed by five years of postrelease supervision. Defendant now appeals.
We affirm. Defendant's contention that his plea was not knowing, intelligent and voluntary survives his uncontested appeal waiver, but is unpreserved for our review as the record does not reflect that he made an appropriate postallocution motion (see People v Guidry, 158 AD3d 901, 902 [2018]; People v Macon, 142 AD3d 739, 739 [2016], lvs denied 28 NY3d 1073, 1075 [2016]). Moreover, the exception to the preservation rule is inapplicable, inasmuch as defendant did not make any statements during the colloquy that were inconsistent with his guilt or cast doubt on the voluntariness of his plea (see People v Duvall, 157 AD3d 1060, 1061 [2018], lv denied ___ NY3d ___ [May 14, 2018]; People v White, 156 AD3d 1249, 1250 [2017], lv denied 31 NY3d 988 [2018]). While defendant informed Supreme Court that he was under the influence of Xanax, cocaine and marihuana at the time that he committed the crime, he did not indicate that he could not recall the subject events (see People v DeCenzo, 132 AD3d 1160, [*2]1161 [2015], lv denied 27 NY3d 996 [2016]; compare People v Jimenez, 110 AD3d 740, 741 [2013]). Supreme Court thereafter affirmed that defendant was aware of an intoxication defense that could be considered by a jury regarding the required element of intent, that he had discussed the defense with counsel and that he had no further questions in this regard. We therefore conclude that Supreme Court sufficiently ensured that defendant validly waived the right to pursue a potential intoxication defense at trial (see People v DeCenzo, 132 AD3d at 1161; People v McNulty, 70 AD3d 1127, 1128 [2010]).
Defendant's claim that he was denied the effective assistance of counsel, to the extent that it impacts the voluntariness of his plea, survives his appeal waiver but is similarly unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Robinson, 155 AD3d 1252, 1253 [2017], lv denied 30 NY3d 1119 [2018]; People v Baxter, 154 AD3d 1010, 1011 [2017]). Notably, the bulk of defendant's claims in this regard, such as counsel's alleged failure to investigate the case, involve matters outside of the record and are more properly raised in a CPL article 440 motion (see People v Franklin, 146 AD3d 1082, 1084 [2017], lvs denied 29 NY3d 946, 948 [2017]; People v Lewis, 143 AD3d 1183, 1185 [2016]). Finally, defendant's challenge to the severity of his sentence is precluded by his waiver of the right to appeal (see People v Gause, 157 AD3d 1167, 1168 [2018], lv denied 31 NY3d 983 [2018]; People v Fairweather, 147 AD3d 1153, 1154 [2017], lv denied 29 NY3d 1031 [2017]).
Garry, P.J., McCarthy, Clark and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.