People v Watkins (2025 NY Slip Op 05829)

People v Watkins

2025 NY Slip Op 05829

Decided on October 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.

ANGELA G. IANNACCI

HELEN VOUTSINAS

SUSAN QUIRK, JJ.

2020-09434

(Ind. No. 67/19)

[*1]The People of the State of New York, respondent,

v

Terrell Watkins, etc., appellant.

Salvatore C. Adamo, New York, NY, for appellant.

Anthony P. Parisi, District Attorney, Poughkeepsie, NY (Anna K. Diehn of counsel), for respondent.

DECISION & ORDER

Appeal by the defendant from a judgment of County Court, Dutchess County (Peter M. Forman, J.), rendered November 19, 2020, convicting him of assault in the first degree, upon his plea of guilty, and imposing sentence.

ORDERED that the judgment is affirmed.

Contrary to the defendant's contention, the defendant received the effective assistance of counsel (see Strickland v Washington, 466 US 668; People v Benevento, 91 NY2d 708, 712). His attorney provided meaningful representation, obtaining a favorable plea agreement in a case where there was overwhelming evidence of the defendant's guilt (see People v Taylor, 144 AD3d 1317; see also People v Carver, 27 NY3d 418).

Contrary to the defendant's contention, the County Court did not err in sentencing the defendant in absentia because the defendant, while incarcerated, failed to appear before the court for sentencing on two occasions after being advised at his plea colloquy that he must appear in court to be sentenced. The court advised the defendant that if he failed to meet that condition, he would be facing up to 25 years in state prison. On the day of sentencing, the sheriff's department advised the court that the defendant was refusing to come to court. As the Court of Appeals stated in People v Rossborough (27 NY3d 485, 489), the right "to be present at sentencing does not fall within the class of those fundamental rights that may not be waived, particularly where a defendant is receiving the sentence to which he [or she] knowingly and voluntarily agreed in a plea bargain." "Before proceeding in the defendant's absence, the court fulfilled its obligation to inquire into the surrounding circumstances to determine if the defendant's absence [was] deliberate and to recite on the record the reasons for its finding, and exercise[d] its sound discretion upon consideration of all appropriate factors" (People v Chandler, 237 AD3d 1105, 1107 [citations and internal quotation marks omitted]).

Further, the County Court did not err in sentencing the defendant as a second felony offender (see People v Santiago, 158 AD2d 629). The defense counsel was shown documentation in support of that adjudication and did not object to it, and the defendant waived his presence to contest it.

Finally, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).

BARROS, J.P., IANNACCI, VOUTSINAS and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court