■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN IVEY, Also Known as B, Appellant. [917 NYS2d 711]—

Mercure, J.P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered April 9, 2009, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Defendant was charged in an indictment with one count of

criminal sale of a controlled substance in the third degree. He pleaded guilty to the reduced charge of attempted criminal sale of a controlled substance in the third degree in full satisfaction of the indictment and an unindicted charge. His guilty plea included a waiver of the right to appeal. In consideration of his guilty plea, County Court agreed to sentence defendant to a determinate sentence of not more than five years in prison, with a two-year period of postrelease supervision, and also agreed not to sentence defendant as a persistent felony offender. County Court thereafter sentenced defendant as a second felony offender to a term of imprisonment of five years, to be followed by two years of postrelease supervision. Defendant now appeals.

We affirm. Defendant's waiver of the right to appeal precludes his claim that he was denied the effective assistance of counsel, except insofar as the argument relates to the voluntariness of his plea (*see People v Belle*, 74 AD3d 1477, 1480 [2010]; *People v Leigh*, 71 AD3d 1288, 1288 [2010], *lv denied* 15 NY3d 775 [2010]). To that extent, the issue is unpreserved for our review in light of defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Singh*, 73 AD3d 1384, 1384-1385 [2010], *lv denied* 15 NY3d 809 [2010]; *People v Glynn*, 73 AD3d 1290, 1291 [2010]). Moreover, reversal in the interest of justice is unwarranted inasmuch as the record reflects that defense counsel negotiated a favorable plea agreement and defendant had an opportunity to discuss the terms of the agreement with counsel and stated that he was satisfied with counsel's representation. Finally, defendant's waiver of the right to appeal precludes his remaining claims that County Court should have granted him judicial diversion to a substance abuse treatment program (*see generally People v Lopez*, 6 NY3d 248, 255 [2006]; *People v Hansen*, 95 NY2d 227, 230 [2000]) and that his sentence was harsh and excessive (*see People v Board*, 75 AD3d 833, 834 [2010]).

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.