■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANTE WHITE, Appellant. [946 NYS2d 717]—

Garry, J. Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered April 8, 2011, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.

In satisfaction of a four-count indictment, defendant pleaded guilty to criminal possession of a controlled substance in the third degree, executed a waiver of the right to appeal, and was sentenced in accordance with the plea agreement to a prison term of four years followed by two years of postrelease supervision. Defendant appeals.

Initially, we are unpersuaded by defendant's contention that he did not knowingly waive the right to appeal. Defendant was advised that the appeal waiver was part of the plea agreement and he executed a written waiver in open court after discussing the appeal waiver with counsel. Although County Court made a minimal inquiry, the record reveals that defendant's waiver of

the right to appeal was a knowing and voluntary choice (*see People v Binns*, 82 AD3d 1449, 1450 [2011]; *People v McCaskill*, 76 AD3d 751, 752 [2010]). Accordingly, defendant's challenge to the factual sufficiency of his plea is foreclosed; it is also unpreserved, as there is no indication on this record that he moved to withdraw his plea or vacate the judgment of conviction (*see People v Taylor*, 89 AD3d 1143, 1143 [2011]). The exception to the preservation requirement is inapplicable, as defendant made no statements during the allocution that negated an essential element of the crime or otherwise cast doubt upon his guilt (*see People v McFarren*, 83 AD3d 1209, 1209-1210 [2011], *lv denied* 17 NY3d 860 [2011]).

To the extent that defendant's claim of ineffective assistance of counsel relates to the voluntariness of the plea and, therefore, survives his appeal waiver, it is similarly unpreserved for our review given defendant's failure to move to withdraw his plea or vacate the judgment of conviction (*see People v Tatum*, 82 AD3d 1411, 1411 [2011], *lv denied* 17 NY3d 810 [2011]; *People v Ivey*, 79 AD3d 1531, 1532 [2010], *lv denied* 16 NY3d 859 [2011]). Finally, defendant's contention that the sentence was harsh and excessive and should be reduced in the interest of justice is barred by his valid appeal waiver (*see People v Ivey*, 79 AD3d at 1532; *People v Fields*, 41 AD3d 1089 [2007], *lv denied* 9 NY3d 961 [2007]).

Peters, P.J., Lahtinen, Malone Jr. and Stein, JJ., concur. Ordered that the judgment is affirmed.