Stein, J.P.
Appeal from a judgment of the County Court of Saratoga County (Scarano, J.), rendered December 14, 2009, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
In satisfaction of a six-count indictment stemming from two cocaine sales, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and waived his right to appeal his conviction and sentence. Defendant pleaded guilty with the understanding that he would be sentenced, as a *1329 second felony offender, to a prison term of two years to be followed by a period of postrelease supervision between IV2 and 3 years. He declined to withdraw his plea after learning that he did not qualify as a predicate felon, but that his sentence would not be reduced. He argued, however, that alternatives to a prison sentence or, at the very least, a shorter sentence should be considered. County Court imposed a prison sentence of two years to be followed by postrelease supervision of two years, and defendant now appeals.
We affirm. Defendant’s mistaken belief that he would be sentenced as a second felony offender when he entered his guilty plea did not render his appeal waiver invalid and, to the extent that he also challenges the knowing and voluntary nature of his guilty plea, the record does not reflect that he preserved that claim for our review by moving to withdraw the plea or vacate the judgment of conviction (see People v Ortiz, 69 AD3d 966, 967-968 [2010]; People v Dean, 52 AD3d 1308, 1308-1309 [2008], lv denied 11 NY3d 736 [2008]). Defendant’s valid appeal waiver bars his further claims that the sentence was harsh and excessive (see People v Griffin, 100 AD3d 1153, 1154 [2012], lv denied 20 NY3d 1011 [2013]) and that County Court abused its discretion in refusing to have him evaluated for inclusion in the judicial diversion program (see CPL art 216; People v Buswell, 88 AD3d 1164, 1165 [2011]; People v Ivey, 79 AD3d 1531, 1532 [2010], lv denied 16 NY3d 859 [2011]).
Spain, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.