Garry, J.
Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered August 28, 2013, convicting defendant upon his plea of guilty of the crime of criminal possession of a controlled substance in the third degree.
Following an investigation by the Attorney General’s Statewide Organized Crime Task Force, defendant and 33 others were charged in a 226-count indictment with conspiracy and other crimes related to the distribution of cocaine in several counties in this state. Pursuant to a plea agreement that required his cooperation with the investigation and satisfied all 21 felony counts against him in the indictment, defendant entered a guilty plea to criminal possession of a controlled substance in the third degree under count 92 and waived his right to appeal. Consistent with County Court’s promise that the sentence would be capped at seven years with three years *1106 of postrelease supervision, the court imposed a prison sentence of 6V2 years with three years of postrelease supervision. Defendant now appeals.
We affirm. Initially, defendant’s argument that his waiver of appeal was not knowing, voluntary or intelligent is contradicted by the record, which reflects that County Court explained that the right to appeal was separate and distinct from the trial rights automatically extinguished by the guilty plea, and confirmed that defendant understood the waiver, had voluntarily agreed to it, and had read and signed a written waiver of appeal after discussing it with counsel (see People v Sanders, 25 NY3d 337, 340-341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]; People v Martinez, 130 AD3d 1087, 1088 [2015], lv denied 26 NY3d 1010 [2015]). While defendant’s challenge to his guilty plea as involuntary survives his waiver of appeal, it was not preserved for our review given the absence of any evidence that he raised this claim in an appropriate postallocution motion (see People v Hudson, 130 AD3d 1320, 1320 [2015]; People v Dozier, 115 AD3d 1001, 1001 [2014], lv denied 24 NY3d 1083 [2014]). Moreover, the narrow exception to the preservation requirement was not triggered, as defendant made no statements during the plea allocution that were inconsistent with his guilt or that called into question the voluntariness of his plea (see People v Tyrell, 22 NY3d 359, 364 [2013]; People v Lopez, 71 NY2d 662, 666 [1988]; People v Guyette, 121 AD3d 1430, 1431 [2014]). In any event, were we to consider this claim, we would find that it is unsupported by the record.
Defendant’s allegations regarding what counsel advised him or investigated are outside the record on appeal and, as such, are more properly the subject of a CPL article 440 motion to vacate (see People v Trimm, 129 AD3d 1215, 1216 [2015]). Finally, defendant’s contention that the sentence imposed, which was below the promised cap, was harsh and excessive is foreclosed by his valid appeal waiver (see People v Lopez, 6 NY3d at 256; People v Estrada, 102 AD3d 1064, 1065 [2013]).
McCarthy, J.P., Rose and Devine, JJ., concur.
Ordered that the judgment is affirmed.