*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 9, 2017                107324
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

STEPHEN A. JAKOB II,
                        Appellant.
_____


Calendar Date:  January 20, 2017

Before:  Garry, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

                    _____


        Donna C. Chin, Ithaca, for appellant.

        Joseph G. Fazzary, District Attorney, Watkins Glen (John C.
Tunney of counsel), for respondent.

                    _____


Clark, J.

        Appeal from a judgment of the County Court of Schuyler
County (Morris, J.), rendered December 11, 2014, convicting
defendant upon his plea of guilty of the crimes of burglary in
the second degree (seven counts), burglary in the third degree
(two counts), grand larceny in the third degree and grand larceny
in the fourth degree.

        Defendant pleaded guilty to charges contained in a
multicount indictment, including seven counts of burglary in the
second degree, and waived his right to appeal.  County Court
denied defendant's subsequent motion to withdraw his plea and
thereafter sentenced him as a second felony offender, in
accordance with the plea agreement, to concurrent prison terms
that resulted in an aggregate maximum of eight years.  Defendant

appeals.

We affirm. Contrary to defendant's contention, we find that defendant knowingly, voluntarily and intelligently waived his right to appeal. The validity of the appeal waiver is established by defendant's acknowledgment at the plea colloquy that he understood the nature of the waiver of the right to appeal, which County Court explained was separate from the rights forfeited by the guilty plea, and his execution in open court of a written waiver of appeal (see People v Lopez, 6 NY3d 248, 256 [2009]; People v Murdie, 134 AD3d 1353, 1354 [2015]; People v Therrien, 134 AD3d 1231, 1232 [2015]). As such, defendant's valid appeal waiver forecloses his challenge that the sentence was excessive (see People v Macon, 142 AD3d 739, 739 [2016], lv denied 28 NY3d 1073 [2016]; People v Rushlow, 137 AD3d 1482, 1483 [2016]) and includes his "right to invoke [this Court's] interest-of-justice jurisdiction to reduce the sentence" (People v Bethea, 133 AD3d 1033, 1033 [2015] [internal quotation marks and citations omitted], lv denied 27 NY3d 992 [2016]).

Garry, J.P., Egan Jr., Devine and Aarons, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court