## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 9, 2017                    106763
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

ANDRE DOLBERRY,
                        Appellant.
_____


Calendar Date:  January 20, 2017

Before:  Garry, J.P., Egan Jr., Devine, Clark and Aarons, JJ.

_____


        Justin C. Brusgul, Voorheesville, for appellant, and appellant pro se.

        P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.

_____


Garry, J.P.

        Appeal from a judgment of the Supreme Court (Breslin, J.), rendered March 6, 2014 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a controlled substance in the third degree.

        Pursuant to a negotiated plea agreement, and in full satisfaction of a three-count indictment, defendant pleaded guilty to attempted criminal possession of a controlled substance in the third degree and executed a written waiver of appeal in open court.  Consistent with the terms of the plea agreement, Supreme Court imposed upon defendant, as a second felony offender, a prison sentence of 5½ years to be followed by three years of postrelease supervision.  Defendant appeals, and we

affirm.

Initially, contrary to defendant's contention, we find that his oral and written waiver of appeal was knowing, voluntary and intelligent (see People v Sanders, 25 NY3d 337, 339-341 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]).  Supreme Court distinguished the right to appeal as "separate" and "independent" from the rights automatically forfeited by a guilty plea, and defendant acknowledged that he signed and understood the written appeal waiver after reviewing it and conferring with counsel regarding its contents (see People v Taylor, 144 AD3d 1317, 1318 [2016]; People v Toledo, 144 AD3d 1332, 1332-1333 [2016]). Defendant's challenge to the voluntariness of his plea survives his appeal waiver, but his claim is unpreserved for our review in the absence of an appropriate postallocution motion (see CPL 220.60 [2]; People v Williams, 27 NY3d 212, 214, 219-222 [2016]; People v Blair, 136 AD3d 1105, 1106 [2016], lvs denied 27 NY3d 1066, 1072 [2016]), and defendant did not make any statement during the plea allocution that triggered the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666-667 [1988]).

To the extent that defendant's ineffective assistance of counsel claims raised in his supplemental pro se brief implicate the voluntariness of his plea, such claims survive his valid appeal waiver; however, these claims are not properly before us absent an appropriate postallocution motion (see People v Islam, 134 AD3d 1348, 1349 [2015]; People v Kormos, 126 AD3d 1039, 1040 [2015]).  The balance of defendant's ineffective assistance of counsel claims concern matters that are outside of the record on appeal and are more appropriately addressed in a motion to vacate pursuant to CPL article 440 (see People v Clark, 135 AD3d 1239, 1240 [2016], lv denied 27 NY3d 995 [2016]; People v Pickett, 128 AD3d 1275, 1276 [2015], lvs denied 26 NY3d 930, 933 [2015]). Defendant's contention raised in his supplemental pro se brief challenging his status as a second felony offender is unpreserved for our review.  Defendant's remaining pro se arguments concerning various pretrial matters, to the extent they are not precluded by his waiver of the right to appeal, are also unpreserved for our review or are barred by his guilty plea.

Egan Jr., Devine, Clark and Aarons, JJ., concur.


ORDERED that the judgment is affirmed.




ENTER:

Robert D. Mayberger
Clerk of the Court