■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE MCRAE, Appellant. [51 NYS3d 434]—

Aarons, J. Appeal from a judgment of the County Court of Albany County (Herrick, J.), rendered December 9, 2013, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.

Pursuant to a negotiated plea agreement, and in full satisfaction of a two-count indictment and other then-pending charges, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and executed a written waiver of appeal in open court. Consistent with the terms of the plea agreement, County Court imposed upon defendant, as a nonviolent predicate felony offender, a prison sentence of seven years to be followed by three years of postrelease supervision. Defendant now appeals.

We affirm. Initially, we find that defendant's oral and written waiver of appeal was knowing, voluntary and intelligent (*see People v Sanders*, 25 NY3d 337, 339-341 [2015]; *People v Lopez*, 6 NY3d 248, 256 [2006]). The record reflects that County Court distinguished the right to appeal as "separate and apart" from the rights automatically forfeited by a guilty plea, and defendant acknowledged that he signed and understood the written appeal waiver after reviewing it and conferring with counsel regarding its contents (*see People v Hall*, 147 AD3d 1151, 1151 [2017]; *People v Dolberry*, 147 AD3d 1149, 1150 [2017]). While defendant's challenge to the voluntariness of his plea survives the appeal waiver, this claim was not preserved by an appropriate postallocution motion (*see People v Smith*, 121 AD3d 1131, 1132 [2014], *lv denied* 24 NY3d 1123 [2015]; *People v Waite*, 120 AD3d 1446, 1447 [2014]), and defendant made no statements during the plea colloquy that triggered the narrow exception to the preservation requirement (*see People v Williams*, 27 NY3d 212, 219-220 [2016]; *People v Lopez*, 71 NY2d 662, 666 [1988]; *People v Austin*, 141 AD3d 956, 957 [2016]).

Defendant's claim that the sentence was harsh and excessive is foreclosed by the valid appeal waiver (*see People v Macon*, 142 AD3d 739, 739 [2016], *lv denied* 28 NY3d 1073 [2016]; *People v Rushlow*, 137 AD3d 1482, 1483 [2016]), which includes his "right to invoke [this Court's] interest-of-justice jurisdiction to reduce the sentence" (*People v Bethea*, 133 AD3d 1033, 1033 [2015] [internal quotation marks and citations omitted], *lv denied* 27 NY3d 992 [2016]). To the extent that defendant raises a claim regarding what counsel investigated or discussed with him, this concerns a matter that is outside the record on appeal and is more properly suited for a CPL article 440 motion (*see People v Daniels*, 139 AD3d 1256, 1257 [2016], *lv denied* 28 NY3d 1183 [2017]; *People v Taylor*, 135 AD3d 1237, 1238 [2016], *lv denied* 27 NY3d 1075 [2016]).

Peters, P.J., Garry, Devine and Mulvey, JJ., concur. Ordered that the judgment is affirmed.