■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MILTON WOOD, Appellant. [52 NYS3d 682]—

Rose, J. Appeal from a judgment of the Supreme Court (McDonough, J.), rendered March 8, 2014 in Albany County, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.

Defendant was charged in a 10-count indictment with various drug offenses stemming from, among other things, his alleged sale of cocaine on four occasions and the subsequent seizure by law enforcement of drug-related paraphernalia and proceeds, including $1,753.33 in United States currency and a Mercedes-Benz E320 automobile. Thereafter, pursuant to a negotiated plea agreement, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and executed a written waiver of appeal in open court. Consistent with the terms of the plea agreement, Supreme Court sentenced defendant as a second felony offender to a prison term of 12 years, to be followed by three years of post-release supervision. Defendant now appeals.

We affirm. Initially, defendant's contentions that Supreme Court should have had him evaluated for inclusion in the judicial diversion program (*see* CPL art 216) and that the sentence imposed was harsh and excessive are foreclosed by the unchallenged appeal waiver, which—in any event—the record reflects was knowing, voluntary and intelligent (*see People v Smith*, 112 AD3d 1232, 1232 [2013], *lv denied* 22 NY3d 1203 [2014]; *People v Roche*, 106 AD3d 1328, 1329 [2013]; *People v Ivey*, 79 AD3d 1531, 1531 [2010], *lv denied* 16 NY3d 859 [2011]; *see generally People v Lopez*, 6 NY3d 248, 255-256 [2006]). Similarly, to the extent that defendant claims that his counsel was ineffective for failing to advocate for his inclusion in a judicial diversion program, his valid appeal waiver precludes this claim as well (*cf. People v Ivey*, 79 AD3d at 1532).

To the extent that defendant contends that his counsel promised him that he would receive a sentence of less than 12 years in prison, his claim implicates the voluntariness of his plea and survives his valid appeal waiver (*see e.g. People v Dolberry*, 147 AD3d 1149, 1150 [2017]). Our review of the record before us, however, does not establish or substantiate defendant's allegation. In addition, to the extent that defendant's claim is based upon off-the-record communications between defendant and counsel regarding the sentence that he was going to receive, such a claim is not properly addressed in this appeal (*People v Fairweather*, 147 AD3d 1153, 1154 [2017]; *People v Lewis*, 143 AD3d 1183, 1185 [2016]).

McCarthy, J.P., Devine, Clark and Mulvey, JJ., concur. Ordered that the judgment is affirmed.