■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES UPSHUR, Appellant. [52 NYS3d 685]—

Garry, J.P. Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered August 15, 2014, convicting defendant upon his plea of guilty of the crimes of burglary in the third degree and assault in the second degree.

Defendant was charged in an indictment with burglary in the third degree and, while incarcerated, he was charged with assault in the second degree. He waived indictment on the assault charge, agreed to be prosecuted by a superior court information and pleaded guilty, simultaneously, to both charges. The plea agreement contemplated that he would be sentenced to up to two years of interim probation and abide by substance abuse treatment recommendations and, if successful, he would be sentenced to a period of probation. Defendant waived his right to appeal as part of the plea agreement. Defendant was thereafter charged with violating the conditions of his release on probation after he, among other things, tested positive for

alcohol; he was again released on probation supervision. Defendant later tested positive for cocaine, and County Court advised him that, due to his violation of the conditions of probation, it was no longer bound by the sentence commitment.* The court thereafter sentenced defendant to prison terms of 1⅓ to 4 years on the burglary conviction and 3½ years with three years of postrelease supervision for the assault conviction, to be served concurrently. Defendant appeals.

Defendant's sole contention on appeal is that the sentence was harsh and excessive given his employment history, health problems and the interval of time since his last felony. However, this claim is precluded by his valid waiver of appeal (*see People v Lopez*, 6 NY3d 248, 256 [2006]). During the plea allocution, County Court explained to defendant that a waiver of appeal was required as part of the plea agreement and distinguished the right to appeal as separate and distinct from the rights that were automatically forfeited by his guilty plea, and defendant agreed to this condition (*see id.*). Although "the better practice would have been to define the nature of the right to appeal more fully" (*People v Sanders*, 25 NY3d 337, 342 [2015]), defendant also signed written waivers of appeal in open court which adequately described the scope of rights that he was waiving and specifically waived any challenge to the sentence as harsh and excessive and acknowledged that he had sufficient time to discuss the waivers with counsel (*see People v Dolberry*, 147 AD3d 1149, 1149 [2017]). The court further ascertained that defendant, who was 48 years old and had extensive experience in the criminal justice system, understood the waivers, establishing that they were knowing, voluntary and intelligent (*see People v Sanders*, 25 NY3d at 340-341; *People v Hall*, 147 AD3d 1151, 1151-1152 [2017]). Accordingly, this claim is foreclosed (*see People v Miller*, 137 AD3d 1485, 1485 [2016]; *People v Blair*, 136 AD3d 1105, 1106 [2016], *lv denied* 27 NY3d 1066 [2016]).

Lynch, Rose, Mulvey and Aarons, JJ., concur. Ordered that the judgment is affirmed.

---

* Defendant declined County Court's offer to vacate his guilty plea to the burglary, which the court offered based upon defendant's inconsistent statements to the Probation Department during the preparation of the presentence report. The court refused to vacate his guilty plea to the assault charge, finding that there was no basis for such a motion and that defendant had admitted the assault in his probation interview.