Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered December 10, 2015, convicting defendant upon his plea of guilty of the crime of unlawful manufacture of methamphetamine in the third degree.
 

 Defendant waived indictment and agreed to be prosecuted pursuant to a superior court information charging him with one count of unlawful manufacture of methamphetamine in the third degree. In return for his acceptance into the judicial diversion program, defendant pleaded guilty as charged (in full satisfaction of both the superior court information and another pending charge) and waived his right to appeal — both orally and in writing. Consistent with the terms of the plea agreement and the judicial diversion contract executed by defendant, defendant was advised that, if he failed to complete the program, he could be sentenced as a second felony offender to a maximum period of 4V2 years in prison followed by two years of postrelease supervision. Following defendant’s two failed attempts at completing the program, the matter was set down for sentencing, and County Court thereafter sentenced defendant as a second felony offender to a prison term of four years followed by two years of postrelease supervision. Defendant now appeals.
 

 We reject defendant’s assertion that his waiver of the right to appeal was invalid. County Court explained the rights that defendant was forfeiting by pleading guilty and distinguished the right to appeal from the trial-related rights that defendant was forgoing; defendant, in turn, communicated his understanding thereof and signed a detailed written waiver in open court (see People v Jakob, 147 AD3d 1154, 1155 [2017]). “While the better practice would have been for the court to specifically ask defendant if he had discussed the appeal waiver with counsel and establish that he had read the written waiver before signing it, considering all of the relevant facts and circumstances surrounding the waiver, including defendant’s experience, we are satisfied that the oral colloquy, combined with the written waiver, demonstrate his understanding and voluntary waiver of his right to appeal” (People v Empey, 144 AD3d 1201, 1202-1203 [2016] [internal quotation marks and citation omitted], lv denied 28 NY3d 1144 [2017]; see People v Lavalley, 150 AD3d 1339, 1340 [2017]). Accordingly, the valid waiver precludes defendant’s present claim that the sentence imposed is harsh and excessive and should be reduced in the interest of justice (see People v McRae, 150 AD3d 1328, 1328 [2017], lv denied 29 NY3d 1093 [2017]; People v White, 96 AD3d 1299, 1300 [2012], lv denied 19 NY3d 1029 [2012]).
 

 Egan Jr., J.P., Lynch, Aarons, Rumsey and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.