Devine, J.
 

 Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered July 9, 2015, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
 

 In satisfaction of various pending charges, defendant pleaded guilty to a superior court information charging him with attempted criminal possession of a weapon in the second degree and waived his right to appeal. County Court sentenced defendant, a second felony offender, to the agreed-upon prison term of three years to be followed by five years of postrelease supervision. Defendant appeals.
 

 We are unpersuaded by defendant’s contention that the waiver of the right to appeal is invalid. During the plea colloquy, County Court explained the separate and distinct nature of the waiver of the right to appeal from the trial-related rights forfeited by the guilty plea. Furthermore, the record reflects that defendant, after a discussion with defense counsel, executed a written appeal waiver in open court and acknowledged that he understood it. In view of the foregoing, defendant knowingly, voluntarily and intelligently waived his right to appeal his conviction and sentence (see People v Hess, 150 AD3d 1560, 1560 [2017]).
 

 Although defendant’s valid appeal waiver does not preclude his challenge to the voluntariness of his plea, the record does not reflect that he preserved that challenge via an appropriate postallocution motion (see People v McRae, 150 AD3d 1328, 1329 [2017], lv denied 29 NY3d 1093 [2017]). Defendant did not make any statements during the plea colloquy so as to trigger the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]; People v Dolberry, 147 AD3d 1149, 1150 [2017], lv denied 29 NY3d 1078 [2017]). Defendant’s further attack upon the severity of the sentence imposed is foreclosed by the valid appeal waiver (see People v Hess, 150 AD3d at 1560).
 

 To the extent that defendant’s ineffective assistance of counsel claim implicates the voluntariness of his plea and therefore survives the appeal waiver, such issue is also unpreserved absent an appropriate postallocution motion (see CPL 330.30; People v Wood, 150 AD3d 1544, 1545 [2017]; People v Payne, 148 AD3d 1226, 1227 [2017], lv denied 29 NY3d 1084 [2017]). The remainder of defendant’s ineffective assistance of counsel claim concerns matters outside the record that cannot be addressed on direct appeal (see People v Clark, 135 AD3d 1239, 1240 [2016], lv denied 27 NY3d 995 [2016]). Defendant’s pro se arguments regarding the evidentiary sufficiency of the accusatory instrument, as well as the sufficiency of the evidence presented, are forfeited by his plea of guilty (see People v Cook, 150 AD3d 1543, 1544 [2017]).
 

 Peters, P.J., Egan Jr., Mulvey and Pritzker, JJ., concur.
 

 Ordered that the judgment is affirmed.