People v Tucker (2018 NY Slip Op 02840)





People v Tucker


2018 NY Slip Op 02840


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

108534

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
PATRICK TUCKER, Appellant.

Calendar Date: March 29, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Rumsey, JJ.


Samantha E. Koolen, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Tracey A. Brunecz of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered May 4, 2016, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In satisfaction of a four-count indictment, defendant pleaded guilty to criminal sale of a controlled substance in the third degree and waived his right to appeal. In accordance with the terms of the plea agreement, he was sentenced to 3½ years in prison, followed by two years of postrelease supervision, to run concurrently to the sentence imposed on a prior youthful offender adjudication. Defendant now appeals.
Initially, we find that defendant validly waived his right to appeal as he was advised of the separate and distinct nature of the waiver, acknowledged that he understood its consequences and executed a comprehensive written waiver in open court after conferring with counsel (see People v Peterkin, 156 AD3d 962, 962-963 [2017]; People v White, 154 AD3d 1012, 1012-1013 [2017], lv denied 30 NY3d 1065 [2017]). Defendant's challenge to the voluntariness of his guilty plea survives his appeal waiver, but has not been preserved for our review as the record does not disclose that he made an appropriate postallocution motion (see People v Rayburn, 150 AD3d 1553, 1554 [2017]; People v Dolberry, 147 AD3d 1149, 1150 [2017], lv denied 29 NY3d 1078 [2017]). Furthermore, the narrow exception to the preservation rule is inapplicable as defendant did not make statements that negated his guilt or called into question the voluntariness of his plea [*2](see People v Lopez, 71 NY2d 662, 666-667 [1988]; People v Blair, 136 AD3d 1105, 1106 [2016], lvs denied 27 NY3d 1066, 1072 [2016]).
Defendant further contends that he was deprived of the effective assistance of counsel by one attorney who was assigned to represent him and had a conflict of interest. We are not persuaded. County Court substituted other counsel to represent defendant well before defendant entered his guilty plea. The attorney's representation was brief, had no direct impact on "the voluntariness of defendant's subsequent plea" and is therefore precluded by defendant's appeal waiver (People v Santos-Rivera, 86 AD3d 790, 791 [2011], lv denied 17 NY3d 904 [2011]; see People v Trombley, 91 AD3d 1197, 1201 [2012], lv denied 21 NY3d 914 [2013]). Lastly, defendant's challenge to the severity of the sentence is foreclosed by his valid waiver of the right to appeal (see People v Nichols, 155 AD3d 1186, 1187 [2017]; People v Blair, 136 AD3d at 1106). In view of the foregoing, we affirm the judgment of conviction.
Garry, P.J., Egan Jr., Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.