People v Quinones (2018 NY Slip Op 02842)





People v Quinones


2018 NY Slip Op 02842


Decided on April 26, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 26, 2018

108781

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RUBEN J. QUINONES, Appellant.

Calendar Date: March 2, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Rumsey, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew J. Peabody of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of St. Lawrence County (Richey, J.), rendered August 18, 2016, convicting defendant upon his plea of guilty of the crimes of grand larceny in the fourth degree, criminal trespass in the second degree and identity theft in the third degree.
Defendant pleaded guilty to grand larceny in the fourth degree, criminal trespass in the second degree and identity theft in the third degree as charged in an indictment and waived his right to appeal. Pursuant to the terms of the plea agreement, defendant was placed on interim probation and, if successful, would be permitted to withdraw his plea and enter a plea to a misdemeanor with a period of probation to be imposed at sentencing. Thereafter, defendant failed to comply with the terms of the interim probation and County Court sentenced him to
an aggregate prison term of 1 to 3 years. Defendant appeals.
We are unpersuaded by defendant's contention that the waiver of the right to appeal is invalid (see People v Sanders, 25 NY3d 337, 340-342 [2015]; People v Lopez, 6 NY3d 248, 256 [2006]). The record reflects that County Court (Richards, J.) informed defendant of the separate and distinct nature of the right to appeal and that defendant acknowledged that he understood and was voluntarily relinquishing those rights. Defendant then executed in open court a written waiver after reading and discussing it with counsel, and confirmed that he understood it. In view of the foregoing, the record demonstrates that defendant knowingly, voluntarily and intelligently waived his right to appeal (see People v Weir, 155 AD3d 1190, 1191 [2017]; People v Tulip, 150 AD3d 1564, 1565 [2017]). As such, defendant's challenge to the severity of the sentence is precluded (see People v Upshur, 150 AD3d 1552, 1553 [2017]; People v Fifield, 149 AD3d [*2]1420, 1421 [2017]).
Garry, P.J., McCarthy, Mulvey, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.