People v Royal (2018 NY Slip Op 03176)





People v Royal


2018 NY Slip Op 03176


Decided on May 3, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 3, 2018

107937

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
TARIQ ROYAL, Appellant.

Calendar Date: October 19, 2017

Before: Egan Jr., J.P., Devine, Clark, Mulvey and Rumsey, JJ.


Donnial K. Hinds, Albany, for appellant.
P. David Soares, District Attorney, Albany (Emily A. Schultz of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered August 18, 2015, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Pursuant to a negotiated plea agreement, and in full satisfaction of a nine-count indictment, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree and waived his right to appeal the conviction and sentence. Consistent with the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to 4½ years in prison and three years of postrelease supervision.
Defendant now appeals.[FN1]
We affirm. Contrary to defendant's contention, his waiver of the right to appeal was knowing, intelligent and voluntary. County Court distinguished the right to appeal as separate and distinct from the rights automatically forfeited by a guilty plea, and defendant acknowledged that he signed and understood the written waiver after conferring with counsel regarding its contents (see People v Hall, 147 AD3d 1151, 1151 [2017], lv denied 29 NY3d 1080 [2017]; [*2]People v Dolberry, 147 AD3d 1149, 1150 [2017], lv denied 29 NY3d 1078 [2017]). Defendant's valid appeal waiver precludes his remaining contentions that his sentence is harsh and excessive and that County Court should have granted him judicial diversion to a substance abuse treatment program (see People v Wood, 150 AD3d 1544, 1545 [2017]; People v Roche, 106 AD3d 1328, 1329 [2013]).
Egan Jr., J.P., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: We note that this appeal was previously withdrawn at defendant's request, and his subsequent motion to reinstate the appeal was recently granted.