People v Franklin (2018 NY Slip Op 06156)





People v Franklin


2018 NY Slip Op 06156


Decided on September 20, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 20, 2018


[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
HARRY FRANKLIN, Appellant.

Calendar Date: August 6, 2018

Before: Lynch, J.P., Devine, Clark, Aarons and Rumsey, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), rendered October 12, 2016, convicting defendant upon his plea of guilty of the crime of attempted assault in the second degree.
In full satisfaction of a five-count indictment, defendant ultimately agreed to plead guilty to one count of attempted assault in the second degree in exchange for a prison term of 1½ to 3 years. The plea agreement also required defendant to waive his right to appeal. Consistent with the terms of that agreement, defendant pleaded guilty to the subject charge, and County Court sentenced defendant — as a second felony offender — to the agreed-upon term of imprisonment. This appeal ensued.
Contending that his appeal waiver was invalid, defendant challenges his sentence as harsh and excessive. From our review of the plea colloquy, we are satisfied that defendant knowingly, intelligently and voluntarily waived his right to appeal. Although defendant initially rejected the plea offer, after conferring with counsel, he opted to accept the plea while proposing to reserve his right to appeal. County Court then explained — and the People confirmed — that the appeal waiver was a component of the plea package. Defendant again conferred with counsel and agreed to waive his right to appeal. After reviewing the rights normally forfeited upon a guilty plea and confirming the agreed-upon sentence, County Court explained that "[n]ormally, a person who pleads guilty, they still have the right to take an appeal. However, in your case the District Attorney . . . [is] asking you to give up your right to appeal." Defendant acknowledged that he understood and, after signing the appeal waiver in open court, confirmed that he discussed the waiver with counsel and understood that he was "giving up a right . . . to have a higher court review these proceedings." In our view, the court's instructions adequately informed defendant that his right to appeal was "separate and distinct" from the rights forfeited upon a plea, although that precise phrase was not utilized (see People v Sanders, 25 NY3d 337, 341-342 [2015]). This is all the more so given defendant's extensive criminal background (see id. at 342). It follows that defendant's challenge to the severity of the agreed-upon sentence is precluded (see People v Ward, 161 AD3d 1488, 1488 [2018], lv denied ___ NY3d ___ [Aug. 21, 2018]; People v Gagnon, 153 AD3d 1451, 1452 [2017]).
Lynch, J.P., Devine, Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.