People v Cherry (2018 NY Slip Op 07782)





People v Cherry


2018 NY Slip Op 07782


Decided on November 15, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 15, 2018

108491

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
RUFUS CHERRY, Also Known as TJ, Appellant.

Calendar Date: October 18, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Pritzker, JJ.


Stephen W. Herrick, Public Defender, Albany (Jessica Gorman of counsel), for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered January 14, 2016, convicting defendant upon his plea of guilty of the crime of criminal sexual act in the third degree.
In full satisfaction of an indictment charging him with various sex-related offenses stemming from sexual contact with a 16-year-old girl, defendant pleaded guilty to criminal sexual act in the third degree and executed a waiver of the right to appeal. At sentencing, County Court granted defendant's request to redact a portion of the presentence report (hereinafter PSR) containing a statement made by the arresting officer. Defendant was subsequently sentenced, consistent with the terms of the plea agreement, to a prison term of two years, to be followed by six years of postrelease supervision. Defendant appeals.
We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal was invalid. The plea minutes reflect that, at the outset of the plea proceeding, defendant was advised that a waiver of the right to appeal was a condition of the plea agreement. Defense counsel confirmed that this was a negotiated term, and defendant verbalized his understanding that he was required to waive his right to appeal as part of the agreement (see People v Chaney, 160 AD3d 1281, 1282 [2018], lv denied 31 NY3d 1146 [2018]; People v Gagnon, 153 AD3d 1451, 1452 [2017]). County Court then adequately conveyed to defendant that his right to appeal was separate and distinct from the trial-related rights that he was automatically forfeiting by pleading guilty and confirmed defendant's understanding of the waiver of appeal (see People v Tucker, 164 AD3d 948, 949 [2018]; People v Chaney, 160 AD3d at 1282-1283). The record further reflects that defendant executed a written appeal waiver in open court and acknowledged that he had discussed the waiver with counsel, understood it and agreed to be bound by it (see People v Rutigliano, 159 AD3d 1280, 1280 [2018], lv denied 31 NY3d 1121 [2018]; People v [*2]Simmons, 159 AD3d 1270, 1271 [2018]). Accordingly, we find that defendant's combined oral and written waiver of appeal was knowing, intelligent and voluntary (see People v Wood, 161 AD3d 1447, 1448 [2018]; People v Baxter, 154 AD3d 1010, 1011 [2017]). Given defendant's valid waiver of appeal, he is foreclosed from now challenging the agreed-upon sentence as harsh and excessive (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Gagnon, 153 AD3d at 1452; People v Wood, 150 AD3d 1544, 1545 [2017], lv denied 32 NY3d 942 [2018]; People v Lavalley, 150 AD3d 1339, 1340 [2017]).
Although defendant's challenge to the voluntariness of his plea survives his valid waiver of the right to appeal, his claim has not been preserved for our review as the record does not reflect that he made an appropriate postallocution motion (see CPL 220.60 [3]; People v Guidry, 158 AD3d 901, 902 [2018]; People v Williams, 155 AD3d 1253, 1254 [2017], lv denied 31 NY3d 1089 [2018]). Moreover, the narrow exception to the preservation rule is inapplicable as defendant did not make any statements during the plea colloquy or sentencing proceeding that cast doubt upon his guilt, negated an element of the crime or called into question the voluntariness of his plea (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Tucker, 164 AD3d at 950).
Finally, the People do not object to defendant's contention that, although County Court granted defendant's request at sentencing to strike a statement in the PSR made by the arresting officer, the language objected to has not been redacted from the PSR. Having reviewed the confidential PSR in the record before us and confirmed that the objected-to language from the arresting officer remains in the PSR, we order that such statement be redacted from all copies of defendant's PSR (see People v Freeman, 67 AD3d 1202, 1203 [2009]).
Egan Jr., J.P., Clark, Mulvey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed, and the County Court of Albany County is directed to redact the arresting officer's statement from all copies of defendant's presentence investigation report.