People v Williams (2018 NY Slip Op 08379)





People v Williams


2018 NY Slip Op 08379


Decided on December 6, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 6, 2018

109130

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MELCHIZEKEK WILLIAMS, Also Known as MELCHIZEDEK WILLIAMS and MEL WILLIAMS, Appellant.

Calendar Date: October 26, 2018

Before: Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ.


G. Scott Walling, Slingerlands, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Schenectady County (Sira, J.), rendered December 8, 2016, convicting defendant upon his plea of guilty of the crime of attempted burglary in the second degree and criminal mischief in the fourth degree.
As a result of a domestic altercation that occurred in December 2015, defendant was charged in an eight-count indictment with burglary in the second degree, criminal mischief in the fourth degree (two counts), criminal obstruction of breathing and endangering the welfare of a child (four counts). In full satisfaction of these charges, defendant pleaded guilty to a reduced charge of attempted burglary in the second degree and one count of criminal mischief in the fourth degree and executed a waiver of appeal. In accordance with the terms of the plea agreement, County Court thereafter sentenced defendant, as a second violent felony offender, to an aggregate six-year prison term, to be followed by five years of postrelease supervision. Defendant now appeals.
We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal was not knowing, intelligent and voluntary. At the outset of the plea proceeding, defendant was advised that a waiver of the right to appeal was a condition of the plea agreement, and defendant verbalized his understanding of the terms of that agreement (see People v Chaney, 160 AD3d 1281, 1282 [2018], lv denied 31 NY3d 1146 [2018]; People v Gagnon, 153 AD3d 1451, 1452 [2017]). Although County Court's explanation of the nature of the waiver of the right to appeal could have been more expansive, defendant was advised that, by pleading guilty, he was giving up his right to appeal, and the court confirmed that defense counsel had discussed the waiver of appeal with defendant and that defendant had no further questions regarding the waiver (see People v Charles, 163 AD3d 1362, 1362 [2018], lv denied ___ NY3d ___ [Oct. 29, 2018]; People v Williams, 163 AD3d 1172, 1172-1173 [2018], lv denied 32 NY3d 1009 [2018]; People v Chaney, 160 AD3d at 1282-1283). In addition, defendant assented to and executed in open [*2]court a written appeal waiver, which stated that he was, as part of the plea agreement, knowingly and voluntarily waiving his right to appeal his conviction and sentence and that he had "fully discussed" the appeal waiver with his attorney (see People v Sanders, 25 NY3d 337, 341-342 [2015]; People v McClain, 165 AD3d 1345, 1345-1346 [2018]). Given the validity of defendant's combined oral and written waiver of appeal, he is foreclosed from now challenging the agreed-upon sentence as harsh and excessive (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Cuchelo, 155 AD3d 1189, 1190 [2017]; People v Gagnon, 153 AD3d at 1452).
Garry, P.J., Egan Jr., Devine, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.