People v Moore (2018 NY Slip Op 08578)





People v Moore


2018 NY Slip Op 08578


Decided on December 13, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 13, 2018

108307

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
GREGORY MOORE, Appellant.

Calendar Date: November 20, 2018

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


Timothy S. Brennan, Schenectady, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a judgment of the County Court of Schenectady County (Sypniewski, J.), rendered January 15, 2016, convicting defendant upon his plea of guilty of the crime of attempted criminal sale of a controlled substance in the third degree.
Pursuant to a negotiated plea agreement, defendant pleaded guilty to one count of attempted criminal sale of a controlled substance in the third degree in full satisfaction of a six-count indictment charging him with various drug-related crimes. During the plea colloquy, defendant executed a waiver of appeal in open court. Consistent with the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to 3½ years in prison to be followed by three years of postrelease supervision. Defendant now appeals.
We affirm. Initially, we reject defendant's contention that his waiver of the right to appeal was not knowing, intelligent and voluntary. The plea colloquy reflects that defendant was advised that a waiver of the right to appeal was a condition of the plea agreement, and he verbalized his understanding that he was required to waive his right to appeal as part of the agreement (see People v Chaney, 160 AD3d 1281, 1282 [2018], lv denied 31 NY3d 1146 [2018]; People v Gagnon, 153 AD3d 1451, 1452 [2017]). County Court advised defendant that his right to appeal was a "separate and distinct right" from the trial-related rights that he was automatically forfeiting by pleading guilty. The court also allowed defendant to discuss the waiver of appeal with his counsel and confirmed that defendant had no further questions regarding the waiver of appeal (see People v Chaney, 160 AD3d at 1282-1283; People v Savage, 158 AD3d 854, 855 [2018]; People v Empey, 144 AD3d 1201, 1202 [2016], lv denied 28 NY3d 1144 [2017]). Defendant also assented to and executed in open court a written appeal waiver, which stated that he was voluntarily, knowingly and intelligently waiving his right to appeal, that his attorney had answered all of his questions regarding the appeal waiver to his satisfaction and that, among other things, he was giving up his right to appeal all matters relating to the conviction and [*2]sentence (see People v Lomax, 161 AD3d 1454, 1455 [2018]; People v Collins, 53 AD3d 932, 933 [2008], lv denied 11 NY3d 831 [2008]). Given defendant's valid waiver of appeal, he is foreclosed from now challenging the agreed-upon sentence as harsh and excessive (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Gagnon, 153 AD3d at 1452; People v Wood, 150 AD3d 1544, 1545 [2017], lv denied 32 NY3d 942 [2018]; People v Lavalley, 150 AD3d 1339, 1340 [2017]).
Although defendant's challenge to the voluntariness of his plea survives his valid waiver of the right to appeal (see People v Tucker, 164 AD3d 948, 950 [2018]), his claim has not been preserved for our review as the record does not reflect that he made an appropriate postallocution motion (see CPL 220.60 [3]; People v Guidry, 158 AD3d 901, 902 [2018]; People v Williams, 155 AD3d 1253, 1254 [2017], lv denied 31 NY3d 1089 [2018]). Moreover, the narrow exception to the preservation rule is inapplicable as defendant's remarks at sentencing did not cast doubt upon his guilt, negate an element of the crime, call into question the voluntariness of his plea or otherwise require County Court to conduct a further inquiry or to afford defendant an opportunity to withdraw his plea (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Lopez, 71 NY2d 662, 665-666 [1988]; People v Decker, 159 AD3d 1190, 1192 [2018], lv denied 31 NY3d 1116 [2018]).
Garry, P.J., Mulvey, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.