People v Moore (2019 NY Slip Op 00928)





People v Moore


2019 NY Slip Op 00928


Decided on February 7, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 7, 2019

107445

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
MALIK MOORE, Appellant.

Calendar Date: January 10, 2019

Before: Garry, P.J., Egan Jr., Aarons, Rumsey and Pritzker, JJ.


Erin C. Morigerato, Albany, for appellant, and appellant pro se.
P. David Soares, District Attorney, Albany (Vincent Stark of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a judgment of the County Court of Albany County (Lynch, J.), rendered May 8, 2014, convicting defendant upon his plea of guilty of the crimes of attempted reckless endangerment in the first degree and attempted criminal possession of a weapon in the second degree.
In 2013, defendant was charged in two separate indictments with reckless endangerment in the first degree and criminal possession of a weapon in the second degree. The charges stemmed in part from an incident wherein defendant fired a weapon in the direction of two City of Albany police officers. After rejecting three prior plea offers, defendant ultimately agreed to plead guilty to the reduced charges of attempted reckless endangerment in the first degree and attempted criminal possession of a weapon in the second degree with the understanding that he would be sentenced to a prison term of 1½ to 3 years upon his attempted reckless endangerment conviction and to a prison term of seven years followed by five years of postrelease supervision upon his weapon conviction — said sentences to run concurrently. The plea agreement, which required defendant to waive his right to appeal, also resulted in the dismissal of another pending indictment charging defendant with criminal possession of a weapon in the third degree.
Defendant thereafter pleaded guilty consistent with the terms of the plea agreement, and the matter was adjourned for sentencing. At sentencing, the People clarified that defendant did not qualify as a predicate felony offender, thereby reducing the minimum period of imprisonment to be imposed upon the attempted reckless endangerment conviction, as well as the period of postrelease supervision to be imposed upon the weapon conviction. Accordingly, County Court sentenced defendant to a prison term of 1 to 3 years upon the attempted reckless endangerment conviction and to the promised prison term of seven years upon the weapon conviction followed by three years of postrelease supervision — said sentences to run concurrently. Defendant appeals.
We affirm. The record reflects that County Court advised defendant that the waiver of the right to appeal was a condition of the plea agreement and explained that such waiver was separate and distinct from the trial-related rights that defendant was forfeiting by pleading guilty (see People v Cherry, 166 AD3d 1220, 1221 [2018]; People v Koontz, 166 AD3d 1215, 1216 [2018]; People v Strack, 166 AD3d 1171, 1172 [2018]). Defendant, in turn, signed a written waiver in open court and indicated that he understood its contents and agreed to be bound by its terms (see People v Brown, 163 AD3d 1269, 1270 [2018]). "While the better practice would have been for the court to specifically ask defendant if he had discussed the appeal waiver with counsel and establish that he had read the written waiver before signing it, considering all of the relevant facts and circumstances surrounding the waiver, including defendant's experience, we are satisfied that the oral colloquy, combined with the written waiver, demonstrate his understanding and voluntary waiver of his right to appeal" (People v Gagnon, 153 AD3d 1451, 1452 [2017] [internal quotation marks and citations omitted]; see People v Lomax, 161 AD3d 1454, 1455 [2018], lv denied 32 NY3d 1113 [2018]). Given the valid appeal waiver, defendant's claim that the sentence imposed was harsh and excessive is precluded (see People v Watkins, 166 AD3d 1239, 1240 [2018]).
To the extent that defendant challenges the voluntariness of his plea, this argument, as well as his related ineffective assistance of counsel claim, survive the appeal waiver but are unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Bonafante, 166 AD3d 1228, 1228 [2018]; People v Haverly, 161 AD3d 1483, 1484 [2018], lv denied 32 NY3d 938 [2018]; People v Edwards, 160 AD3d 1280, 1281 [2018], lv denied 31 NY3d 1147 [2018]). As defendant did not make any statements during his plea allocution that negated an element of the charged crimes or otherwise called into question the voluntariness of his plea, the narrow exception to the preservation requirement was not triggered (see People v Aldous, 166 AD3d 1077, 1078 [2018], lv denied 32 NY3d 1124 [2018]; People v Haverly, 161 AD3d at 1484). The balance of defendant's ineffective assistance of counsel claim, including defendant's assertion that counsel failed to adequately investigate his case, explore potential defenses or research his prior criminal history, involves matters outside of the record that are more appropriately addressed in a CPL article 440 motion (see People v Muller, 166 AD3d 1240, 1241 [2018]; People v Aldous, 166 AD3d at 1079). As to counsel's failure to insist upon a CPL 400.21 hearing, the People conceded at sentencing that defendant was not a predicate felon, and defendant's sentence was adjusted accordingly. Counsel otherwise secured an advantageous plea agreement for defendant. Accordingly, were we to reach this issue, we would find that defendant was afforded meaningful representation. Defendant's remaining contentions, including those raised in his pro se brief, have been examined and found to be lacking in merit.
Egan Jr., Aarons, Rumsey and Pritzker, JJ., concur.
ORDERED that the judgment is affirmed.