People v Schroeder (2020 NY Slip Op 01860)





People v Schroeder


2020 NY Slip Op 01860


Decided on March 16, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 16, 2020

110023

[*1]The People of the State of New York, Respondent,
v
David M. Schroeder, Appellant.

Calendar Date: February 7, 2020

Before: Egan Jr., J.P., Mulvey, Devine, Aarons and Colangelo, JJ.


Rural Law Center of New York, Castleton (Keith F. Schockmel of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Michael F. Getman of counsel), for respondent.



Appeal from a judgment of the County Court of Otsego County (Burns, J.), rendered November 3, 2017, convicting defendant upon his plea of guilty of the crime of criminal sale of a controlled substance in the third degree.
In full satisfaction of a two-count indictment, defendant agreed to plead guilty to one count of criminal sale of a controlled substance in the third degree with the understanding that he would be sentenced as a second felony offender to a prison term of five years followed by two years of postrelease supervision — to be served consecutively to the sentence he then was serving. The plea agreement also required defendant to waive his right to appeal. Defendant pleaded guilty in conformity with the plea agreement and was sentenced to the agreed-upon prison term. This appeal ensued.
Contrary to defendant's assertion, we find that his waiver of the right to appeal was knowing, intelligent and voluntary. County Court advised defendant that the waiver was a term and condition of the plea agreement and distinguished the right to appeal as separate and distinct from the trial-related rights that defendant automatically was forfeiting by pleading guilty (see People v Couse, 178 AD3d 1207, 1207-1208 [2019]; People v Gagnon, 153 AD3d 1451, 1452 [2017]). In return, "defendant acknowledged that he understood the nature of the waiver and that he was relinquishing his right to appeal [his] conviction and sentence" (People v Couse, 178 AD3d at 1208). Additionally, defendant signed a detailed written waiver at the time of sentencing, wherein he confirmed that he had been apprised of his appellate rights and afforded sufficient time to confer with counsel. Although the better practice would have been for County Court to "confirm[] that defendant had discussed the waiver with counsel and had read the written waiver before signing it, the relevant facts and circumstances — including defendant's prior experience with the criminal justice system, the oral colloquy and the detailed written waiver — demonstrate that defendant knowingly, intelligently and voluntarily waived his right to appeal his conviction and sentence" (People v Lavalley, 150 AD3d 1339, 1340 [2017]; see People v Gagnon, 153 AD3d at 1452). In light of the valid appeal waiver, defendant's claim that the agreed-upon sentence imposed is harsh and excessive is precluded (see People v Couse, 178 AD3d at 1208; People v Moore, 169 AD3d 1110, 1112 [2019], lv denied 33 NY3d 979 [2019]).
Egan Jr., J.P., Mulvey, Devine, Aarons and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.