People v Washington (2021 NY Slip Op 00340)





People v Washington


2021 NY Slip Op 00340


Decided on January 21, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 21, 2021

110922

[*1]The People of the State of New York, Respondent,
v
Sean Washington, Appellant.

Calendar Date: January 4, 2021

Before: Garry, P.J., Lynch, Aarons, Pritzker and Colangelo, JJ.


Rural Law Center of New York, Castleton (Kristin A. Bluvas of counsel), for appellant.
Gary M. Pasqua, District Attorney, Canton (Matthew L. Peabody of counsel), for respondent.



Appeal from a judgment of the County Court of St. Lawrence County (Richards, J.), rendered July 23, 2018, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.
Pursuant to a plea agreement, defendant pleaded guilty to the reduced charge of attempted promoting prison contraband in the first degree, in satisfaction of a two-count indictment stemming from his possession of an opiate while confined in a correctional facility. As part of the agreement, defendant was required to waive his right to appeal and was promised a prison sentence of 1½ to 3 years, to run consecutively to the sentence he was then serving. County Court thereafter sentenced defendant, as an acknowledged second felony offender, to the agreed-upon prison term. Defendant appeals.
We affirm. Contrary to defendant's contention, we find that he validly waived his right to appeal. To that end, defendant was advised that a waiver of appeal was a condition of the plea agreement, defendant indicated that he understood what rights he was giving up and the rights that could not be waived, and he agreed to this condition and waived his right to appeal. During the plea allocution, County Court distinguished the right to appeal from the trial-related rights automatically forfeited by his guilty plea, making clear the separate and distinct nature of these rights (see People v Lopez, 6 NY3d 248, 256 [2006]; People v Gumbs, 182 AD3d 701, 702 [2020], lv denied 35 NY3d 1066 [2020]). Defendant then signed a written waiver in open court in which he was advised of his rights and agreed to give up his right to challenge both the conviction and the promised sentence as harsh and excessive. In response to the court's inquiry, defendant indicated that he had read and understood the waiver, had an opportunity to confer with counsel and had no questions. Accordingly, we find that defendant voluntarily, knowingly and intelligently waived his right to appeal (see id.). The valid appeal waiver precludes our review of defendant's claim that the agreed-upon sentence imposed was harsh and excessive (see People v Lopez, 6 NY3d at 256; People v Schroeder, 181 AD3d 1095, 1096 [2020]; People v Crawford, 181 AD3d 1057, 1059 [2020]).
Garry, P.J., Lynch, Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.