■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL RODRIGUEZ, Appellant. [873 NYS2d 35]—

Judgment, Supreme Court, New York County (Michael A. Corriero, J.), rendered November 20, 2007, convicting defendant, upon his plea of guilty, of criminal sexual act in the first degree, and sentencing him to a term of 3 to 9 years, unanimously affirmed.

Defendant's challenge to the voluntariness of his plea is unpreserved (*see People v Lopez*, 71 NY2d 662 [1988]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits. The plea was knowing, intelligent and voluntary, and there was nothing in the allocution that cast doubt on defendant's guilt. While defendant was initially reluctant to admit his guilt, he ultimately did so. The record also establishes that the court sufficiently explained to defendant that the plea was conditioned on his satisfactory completion of a treatment program, and that the consequence for noncompliance with this requirement would be a sentence of 3 to 9 years. The record of the plea and subsequent hearing further supports the conclusion that defendant fully understood that the misconduct in which he engaged at the program constituted a violation of the plea conditions.

Defendant claims that his attorney rendered ineffective assistance by failing to move to withdraw the plea. However, that claim is unreviewable on direct appeal because it involves matters outside the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Even in a case where a defendant has a legal basis upon which to withdraw his or her plea, the defendant may still wish to let the plea stand in order to avoid the risks of going to trial on the original charges, and a

competent attorney may provide sound advice to let a plea stand notwithstanding an issue as to its validity. In this case, defendant faced the danger of severe consecutive sentences had he withdrawn his plea and been convicted after trial on multiple counts. On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (see People v Ford, 86 NY2d 397, 404 [1995]; see also Strickland v Washington, 466 US 668 [1984]).

We perceive no basis for reducing the sentence. Concur— Mazzarelli, J.P., Moskowitz, Renwick and Freedman, JJ.