# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**5**

**KA 10-02295**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND GORSKI, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BILLIE JO WEBSTER, DEFENDANT-APPELLANT.
(APPEAL NO. 1.)

---

JAMES L. DOWSEY, III, ELLICOTTVILLE (KELIANN M. ELNISKI OF COUNSEL),
FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY (KELLY M. BALCOM
OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered September 13, 2010. The judgment convicted defendant, upon her plea of guilty, of attempted forgery in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment of County Court convicting her upon her guilty plea of attempted forgery in the second degree (Penal Law §§ 110.00, 170.10). In appeal No. 2, defendant appeals from a judgment of the same court revoking her sentence of probation for a misdemeanor charge to which she previously had pleaded guilty and resentencing her to one year in jail. Defendant's plea in appeal No. 1 necessarily constituted an admission that she violated the terms and conditions of her probation in appeal No. 2.

Defendant's primary contention in each appeal is that she did not receive the sentence promised by the court and thus that her pleas in both appeals were not knowingly, voluntarily and intelligently entered. Although that contention survives defendant's valid waiver of the right to appeal entered in connection with the plea in appeal No. 1 and thus in connection with the plea in appeal No. 2, defendant failed to preserve that contention for our review by moving to withdraw her pleas or to vacate the judgments of conviction (*see People v Montanez*, 89 AD3d 1409). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant's contention that she received ineffective assistance of counsel because her attorney failed to move to vacate the judgments is based on matters outside the record

and therefore is not reviewable on direct appeal (*see People v Rodriguez*, 59 AD3d 173, 173-174, *lv denied* 12 NY3d 858). Contrary to defendant's further contention, the sentence imposed with respect to both appeals is legal, and her challenge to the severity of the sentence in each appeal is foreclosed by her valid waiver of the right to appeal (*see People v Lopez*, 6 NY3d 248, 256).

Entered:  January 31, 2012                    Frances E. Cafarell
                                              Clerk of the Court