*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: July 23, 2015                    106221
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

MICHAEL T. HUDSON,
                    Appellant.
_____

Calendar Date: May 28, 2015

Before: Garry, J.P., Egan Jr., Rose and Lynch, JJ.

_____

        Cappy Weiner, Kingston, for appellant.

        James R. Farrell, District Attorney, Monticello (Michael J. Andreani of counsel), for respondent.

_____

Egan Jr., J.

        Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered September 6, 2013, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

        In full satisfaction of a five-count indictment, defendant pleaded guilty to burglary in the second degree and waived his right to appeal. Defendant thereafter was sentenced, as an admitted second felony offender, to the agreed-upon prison term of 11 years followed by five years of postrelease supervision. Defendant now appeals.

        We affirm. Initially, the record reflects that County Court adequately explained the separate and distinct nature of

the waiver of the right to appeal and that defendant thereafter executed a detailed written waiver to that effect. Accordingly, we are satisfied that defendant's waiver of the right to appeal his conviction and sentence was knowing, intelligent and voluntary (see People v Sibounhome, 125 AD3d 1059, 1059 [2015]; People v Oginski, 123 AD3d 1303, 1303 [2014]).

As to the remaining arguments, to the extent that defendant's brief may be read as challenging the voluntariness of his plea, we note that although this issue survives defendant's waiver of the right to appeal, it is unpreserved for our review absent evidence of an appropriate postallocution motion (see People v Kormos, 126 AD3d 1039, 1040 [2015]; People v Merrill, 123 AD3d 1339, 1339-1340 [2014]), as is defendant's claim of coercion (see People v Ross, 117 AD3d 1342, 1342-1343 [2014]; People v Colon, 106 AD3d 1367, 1368 [2013]). Further, although defendant initially denied knowing that his accomplices intended to burglarize the residence in question, County Court twice adjourned the matter, following which defendant unequivocally admitted his guilt (see e.g. People v Rodriguez, 59 AD3d 173, 173 [2009], lv denied 12 NY3d 858 [2009]; People v Hillendale, 244 AD2d 911, 912 [1997]). As such, the narrow exception to the preservation requirement was not triggered (see People v Kormos, 126 AD3d at 1040). Finally, we are not persuaded that defendant was denied the right to counsel at a critical stage of the underlying criminal action (see People v Kaetzel, 117 AD3d 1187, 1189 [2014], lv denied 24 NY3d 962 [2014]).

Garry, J.P., Rose and Lynch, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court