People v Murphy (2020 NY Slip Op 06640)





People v Murphy


2020 NY Slip Op 06640


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


906 KA 18-00941

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SARAH MURPHY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT.
JESSICA PERRY, NEW YORK CITY, FOR NEW YORK CIVIL LIBERTIES UNION FOUNDATION, AMICUS CURIAE.


 Appeal from a judgment of the Onondaga County Court (James H. Cecile, A.J.), rendered June 27, 2017. The judgment convicted defendant upon a plea of guilty of criminal possession of a forged instrument in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed to an indeterminate term of incarceration of 1 to 3 years and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a plea of guilty of criminal possession of a forged instrument in the first degree (Penal Law § 170.30). Defendant was initially referred to a drug treatment court program but, following an incident in which she tested positive for drugs and was found to have drugs hidden on her person, she was sentenced to an indeterminate term of 2 to 6 years in prison.
Initially, we agree with defendant that her purported waiver of the right to appeal is not enforceable inasmuch as the totality of the circumstances fails to reveal that she "understood the nature of the appellate rights being waived" (People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). County Court's oral colloquy "mischaracterized the waiver of the right to appeal, portraying it in effect as an 'absolute bar' to the taking of an appeal" (People v Cole, 181 AD3d 1329, 1330 [4th Dept 2020]; see Thomas, 34 NY3d at 565). In explaining the waiver, the court suggested that defendant was entirely ceding any ability to challenge her guilty plea on appeal, but such an "improper description of the scope of the appellate rights relinquished by the waiver is refuted by . . . precedent, whereby a defendant retains the right to appellate review of very selective fundamental issues," including the voluntariness of the plea and appeal waiver, the legality of the sentence, and the defendant's competency to stand trial (Thomas, 34 NY3d at 566; see People v Callahan, 80 NY2d 273, 280 [1992]). Where, as here, the court " 'mischaracterize[s] the nature of the right a defendant was being asked to cede,' " this Court " 'cannot be certain that the defendant comprehended the nature of the waiver of appellate rights' " (Thomas, 34 NY3d at 565-566). The better practice is for the court to use the Model Colloquy, which "neatly synthesizes . . . the governing principles" (People v Dozier, 179 AD3d 1447, 1447 [4th Dept 2020], lv denied 35 NY3d 941 [2020] [internal quotation marks omitted]).
Defendant failed to preserve for our review her contention that the court violated her constitutional right to equal protection when it sentenced her to a term of incarceration because she tested positive for drugs while pregnant (see CPL 470.05 [2]; People v Cesar, 131 AD3d [*2]223, 226-227 [2d Dept 2015]; People v Lashley, 58 AD3d 753, 754 [2d Dept 2009], lv dismissed 12 NY3d 759 [2009]) and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice.
We reject defendant's contention that the court failed to exercise its discretion in imposing a sentence of incarceration (see generally People v Farrar, 52 NY2d 302, 305-306 [1981]). We agree with defendant, however, that the sentence is harsh and severe. In light of defendant's minimal criminal history, the nonviolent nature of the instant offense and the fact that this was defendant's first relapse while participating in the drug treatment court program, we modify the judgment as a matter of discretion in the interest of justice by reducing the sentence to an indeterminate term of incarceration of 1 to 3 years (see CPL 470.15 [6] [b]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court