People v Pertillar (2021 NY Slip Op 02943)





People v Pertillar


2021 NY Slip Op 02943


Decided on May 7, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.


473 KA 19-00154

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KEMAR PERTILLAR, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered October 22, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]). Defendant contends that County Court erred in refusing to suppress items recovered from a search of defendant's person as the fruit of an unlawful traffic stop inasmuch as the police lacked probable cause to believe that defendant, the driver of the vehicle, violated the Vehicle and Traffic Law. We reject that contention. We conclude that the record supports the court's determination that the officer had probable cause to believe that the driver committed a violation of Vehicle and Traffic Law § 402 (1) (a) based on the officer's observation that the license plate on the back of the vehicle was attached by only one screw, was "loose and unsecure," and "had a great chance of falling off." The record also supports the court's determination that the officer had probable cause to believe that the vehicle had a partially missing taillight that displayed a white light rather than a "red light" as required by Vehicle and Traffic Law § 375 (2) (a) (3) (see People v Washington, 153 AD3d 1663, 1664 [4th Dept 2017], lv denied 30 NY3d 1023 [2017]).
Defendant failed to preserve for our review his contention that the officer violated his constitutional right to equal protection (see generally People v Murphy, 188 AD3d 1668, 1669-1670 [4th Dept 2020], lv denied — NY3d — [Mar. 14, 2021]; People v Lashley, 58 AD3d 753, 754 [2d Dept 2009], lv dismissed 12 NY3d 759 [2009]). Defendant further contends that his plea was not knowingly, voluntarily, and intelligently entered. Defendant failed to preserve that contention for our review "by moving to withdraw [his] plea[] or to vacate the judgment[] of conviction" (People v Webster, 91 AD3d 1275, 1275 [4th Dept 2012], lv denied 19 NY3d 978 [2012]), and this is not "that rare case . . . where the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon the defendant's guilt or otherwise calls into question the voluntariness of the plea" (People v Lopez, 71 NY2d 662, 666 [1988]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Finally, the sentence is not unduly harsh or severe.
Entered: May 7, 2021
Mark W. Bennett
Clerk of the Court